COMMONWEALTH vs. ARTHUR S. HACKETT. June 5, 1981. The defendant appeals from his conviction of having sexual intercourse or unnatural sexual intercourse with a child. G. L. c. 265, § 23. He argues two alleged errors: (1) the acts of the defendant are not proscribed by G. L. c. 265, § 23; and (2) the defendant was erroneously precluded from introducing evidence tending to show discrimination in prosecution. There was no error.

1. There was evidence that the defendant performed fellatio on the victim, a fifteen year old male. The defendant argues that since there was no evidence that he in any way penetrated the victim he cannot be convicted under c. 265, § 23. We have previously determined that the 1974 amendment to G. L. c. 265, § 23 (St. 1974, c. 474, § 3), must be viewed as a part of a comprehensive attempt to redefine the legal elements of rape. In general, the 1974 amendment eliminated prior language which defined the victims of rape as female or female children. Instead, the victims are now defined as persons or children and the generic masculine pronoun is substituted throughout. Both males and females are protected from sexual assault by this same statute, which is neutral as to the gender of the victim. Nor does the statute define the various crimes with reference to the gender of the offender. The result is that the penalties for sexual intercourse and unnatural sexual intercourse are the same without regard to the gender of the victim. *Commonwealth* v. *Gallant,* 373 Mass. 577, 583-584 (1977). In *Gallant* we also made clear that "unnatural sexual intercourse" incorporates an act of fellatio with a minor. We have also decided that contact between a defendant's mouth and a victim's genitals (cunnilingus) could constitute rape in a female-to-female situation. *Commonwealth* v. *Whitehead,* 379 Mass. 640, 652 (1980). To find that the statute compels a different result in circumstances identical except for the sex of the participants would constitute an obvious frustration of the clear intent that the rape statute(s) be neutral as to the gender of the victim.

The defendant is not helped by recent decisions which speak in terms of intrusions upon a person's body by another person's body. *Commonwealth* v. *Gallant, supra. Commonwealth* v. *Brattman,* 10 Mass. App. Ct. 579 (1980). Nowhere in these cases is it suggested that the person's body being entered must be the victim's, although that would be the fact in most situations. In fact, *Gallant* concludes otherwise by pointing out that "[b]ecause males, by redefinition, may be the victims of 'unnatural sexual intercourse,' the Legislature necessarily intended to treat modes of *sexual connection* other than common law rape as equally serious invasions of personal integrity" (emphasis added). *Id.* at 584-585.

2. The second claim of error arises from the denial of the defendant's motion to dismiss and the refusal of the trial judge to allow defendant to introduce evidence that in an adjoining county there are female prosti-

tutes sixteen years of age and under; they have adult customers and the adult customers are not prosecuted for rape of a child.

This claim also fails. If selective enforcement by another district attorney in another county did exist, it could not be used to sustain the defendant's burden of showing that similar practices exist in the judicial district in which this offense was prosecuted. Furthermore, for the defendant to prevail he must present evidence that failure to prosecute was, inter alia, either consistent or deliberate and that the decision to prosecute was based upon an impermissible classification such as race, religion, or sex. *Commonwealth* v. *Franklin,* 376 Mass. 885, 894-895 (1978). *Commonwealth* v. *King,* 374 Mass. 5 (1977). The defendant's offer of proof only tended to show the lack of prosecution of male customers of female prostitutes in similar circumstances. Since the relationships between a prostitute and her customer is by its nature clandestine and consensual, it cannot be inferred from defendant's offer that the absence of prosecution resulted from anything more than an absence of credible evidence.

No evidence exists from which it can be inferred that no effort has been made to prosecute sex-related crimes of this nature. The defendant's offer of proof was, therefore, insufficient to sustain his burden of showing, prima facie, selective enforcement of the law on the basis of sex. *Commonwealth* v. *King, supra* at 22.

The defendant's affidavit submitted in connection with his motion to dismiss is similarly deficient.

*Judgment affirmed.*

*William A. Norris* for the defendant.

*Brian L. Blackburn,* Special Assistant District Attorney (*Stephen R. Kaplan,* Assistant District Attorney, with him) for the Commonwealth.