COMMONWEALTH *vs.* FRANK GONSALVES.

Middlesex.   October 10, 1986. — November 18, 1986.

Present: KASS, KAPLAN, & FINE, JJ.

*Rape. Evidence*, Fresh complaint, Relevancy and materiality, Judicial discretion, State of mind, Cumulative. *Practice, Criminal*, Disclosure of evidence. *Witness*, Impeachment.

At the trial of a rape case, the victim's testimony respecting the events in question was sufficient to warrant denial of the defendant's motion for a required finding of not guilty. [185]

At the trial of a defendant charged with raping a young man of nineteen, the judge acted within his discretion in admitting in evidence as a fresh complaint a statement made by the victim to a friend several weeks after the events in question, even though the statement revealed more details of the rape than did three statements made by the victim shortly after the incident. [185-187]

At the trial of a defendant charged with raping a young man of nineteen, at which the victim, on direct examination and without objection, testified that he had smashed all of the windows of the defendant's car the day after the rape, the judge did not abuse his discretion in permitting the prosecutor to ask the victim to explain the reason for his conduct, where it was important for the prosecution to counter the defendant's anticipated attempt to convince the jury that the victim had fabricated the story of the rape in order to avoid being charged with violation of probation on a prior conviction of malicious destruction of an automobile. [187-188]

Although in a rape case the prosecution, during a pretrial conference, represented that the first person to whom the victim had reported the rape would not be called to testify, the trial judge did not abuse his discretion in allowing that person to testify, where the prosecution sought to call the witness only after the defense raised questions about his absence which implicitly suggested to the jury that his testimony would contradict that of the victim, and where the judge made warranted findings that there was no bad faith on the part of the prosecutor in failing to produce the witness sooner and that allowing the witness to testify would not prejudice the defense. [188-189]

At the trial of a rape case at which the defendant twice sought to inquire into the victim's use of drugs on the night of the rape in order to impeach the victim, the judge did not abuse his discretion in excluding the defend-

ant's questions and in denying a voir dire on the subject, where the only basis for the defendant's questions was the victim's conviction for possession of marihuana and an allegation that the victim was known by drug-related nicknames. [189-190]

INDICTMENTS found and returned in the Superior Court Department on December 27, 1983.

The cases were tried before *James D. McDaniel, Jr.*, J.

*George Hassett* for the defendant.

*Cynthia J. Weigel*, Assistant District Attorney, for the Commonwealth.

FINE, J.  A Superior Court jury convicted the defendant of rape, assault with intent to rape, indecent assault and battery, and assault and battery. The charges were based on an incident which occurred in the defendant's sister's apartment in Lowell on July 28, 1983. According to the victim, the defendant drove him from Tewksbury to the apartment; while the two young men were sitting on a bed listening to music, the defendant made sexual advances towards the victim which were rejected; the defendant punched the victim in the face, grabbed his throat, put a pillow over his head and performed fellatio on him; the defendant then attempted to force the victim to perform fellatio on him.

We have considered each of the defendant's contentions on appeal and, finding no reversible error, we affirm the convictions.

1. *Sufficiency of evidence of rape.* The victim's account of what the defendant did to him in the apartment was sufficient to overcome the defendant's motion for a required finding of not guilty of rape. G. L. c. 265, § 22(*b*), as appearing in St. 1980, c. 459, § 6. *Commonwealth* v. *Hackett*, 383 Mass. 888 (1981). See *Commonwealth* v. *Gallant*, 373 Mass. 577, 581-585 (1977).

2. *Fresh complaint.* The defendant claims error in the trial judge's admission of the fresh complaint testimony of one Robert Haines, an older and trusted friend of the victim. A month or so after the incident, in response to a question by Haines, the victim stated that the defendant had raped him.

This was the first time the victim had related to anyone that the rape had occurred in an apartment. Three other fresh complaint witnesses testified that the victim had told them shortly after the incident that the rape had occurred in a car. The defendant objected to the testimony from Haines on the ground that the complaint was not sufficiently prompt to qualify as a fresh complaint.

"A complaint of a sex crime made by a victim within a reasonable period of time after the commission of the offense is admissible as corroboration of the victim's testimony under the fresh complaint doctrine." *Commonwealth* v. *Crowe*, 21 Mass. App. Ct. 456, 480 (1986), and cases cited. See generally *Glover* v. *Callahan*, 299 Mass. 55, 57-58 (1937); *Commonwealth* v. *Bailey*, 370 Mass. 388, 391-397 (1976). See also Liacos, Massachusetts Evidence 171 (5th ed. 1981). "A reasonable period of time" has not been defined as a matter of law. *Commonwealth* v. *Bedard*, 6 Mass. App. Ct. 959 (1978). To qualify as a fresh complaint, the communication by the victim need only be "reasonably prompt in light of the circumstances." *Commonwealth* v. *King*, 387 Mass. 464, 473 (1982).

In allowing the testimony, the trial judge implicitly found that the complaint was reasonably prompt in the circumstances. The victim was a youth of nineteen at the time of the incident. Following the incident he was in obvious distress, embarrassed, and fearful of "what people might think." His initial complaints were met in part by disbelief. His father reacted to the victim's complaint of rape, for example, by asking him why he had not prevented it by fighting off the defendant. Even when he responded to Haines' inquiries about the incident several weeks after it occurred, the victim was upset, and he was crying and trembling. It is not at all implausible that feelings of humiliation, embarrassment, and violation of privacy might be particularly forceful in a teenage victim of a male homosexual rape and might account for a delay of several weeks in revealing all the details of the rape. The fresh complaint rule has been applied to admit accounts made after delays longer than the one in this case, where circumstances warranted such flexibility. See *Commonwealth* v. *Wilson*, 12 Mass. App.

Ct. 942, 942-943 (1981); *Commonwealth* v. *Brenner*, 18 Mass. App. Ct. 930, 931-932 (1984) (detailing the circumstances of cases involving sexual assaults on children which warrant flexible application of the rule). The trial judge acted within his discretion in admitting the complaint as "reasonably prompt in light of the circumstances" of this case.[1]

*3. The admissibility of evidence of the victim's state of mind.* On direct examination, without objection, the victim testified that he smashed all of the defendant's car windows the day after the rape. The prosecutor then asked the victim why he did that. Over a general objection, the judge allowed the victim to testify that he had smashed the windows because he "was mad and wanted to get back." The defendant contends on appeal that evidence of the victim's state of mind when he damaged the defendant's property was inadmissible because it was irrelevant and prejudicial. If the evidence was "admissible for at least one purpose, its admission over a general objection . . . [was] not erroneous." *Commonwealth* v. *Errington*, 390 Mass. 875, 882 (1984).

There was at least one theory on which the state of mind testimony was admissible. By introducing the evidence of the destruction of the car windows as part of the case-in-chief, the prosecutor was anticipating the use of that evidence by the defense to support its theory of fabrication. The victim had not made any complaint of rape to the police before he smashed the car windows. He had been convicted previously of malicious destruction of a car, and, at the time of the rape alleged in this case, he was on probation for that earlier offense. It was important to the Commonwealth to counter the defendant's anticipated attempt to convince the jury that the victim fabricated the rape in order to avoid being charged with violation

---

[1] Even if admission of the evidence was error, it was not prejudicial. As to the fact of the rape, Haines' testimony was merely cumulative. The discrepancy between Haines' version and the victim's testimony at trial, on the one hand, and the other "fresh complaints," on the other hand, was fully exploited by defense counsel in cross-examination and closing argument. Furthermore, Haines' testimony was not unnecessarily detailed or inflammatory. And finally, the trial judge gave proper limiting instructions when the evidence was admitted and in his charge to the jury.

of his probation. Having been permitted, without objection, to ask the victim about the smashing of the windows, it was reasonable for the prosecutor to ask the witness to explain that conduct. The judge's ruling permitting the explanation was not erroneous. See *Commonwealth* v. *Bradshaw*, 385 Mass. 244, 269-270 (1982); *Commonwealth* v. *Errington*, 390 Mass. at 880-882; Liacos, Massachusetts Evidence 165-166 (5th ed. 1981 & 1986 Supp.). At most, one might question whether the judge should have allowed the question to be asked during the victim's direct examination rather than on redirect after the defense had pursued the issue in cross-examination. See *Commonwealth* v. *Dougan*, 377 Mass. 303, 307 (1979); *Commonwealth* v. *Errington*, 390 Mass. at 880-882. Any minor departure from the traditional order of proof, however, a matter usually left to the trial judge's discretion, was not prejudicial. The defense took full advantage of the opportunity to explore the issue in cross-examination and to argue forcefully the inferences adverse to the Commonwealth arising from the victim's conduct and his probation status.

4. *Surprise witness.* On cross-examination, defense counsel inquired of the victim into the whereabouts of one David Whalen, the first person to whom the victim had reported the rape. He elicited the fact that Whalen was not in court and not expected to testify. While the victim was still undergoing cross-examination, the prosecutor informed the judge that he intended to call Whalen to testify. Defense counsel objected on the ground of suprise. He contended that he had relied in his trial strategy on the Commonwealth's representations in the pretrial conference report and in its list of prospective witnesses that Whalen would not testify. Defense counsel claimed he would be "ambushed" by Whalen's sudden appearance. However, defense counsel was aware from the transcript of the probable cause hearing of Whalen's name and address and the substance of his testimony.

The judge did not abuse his discretion in allowing Whalen to testify. The Commonwealth sought to call the witness only after the defense raised questions about his absence. Compare *Commonwealth* v. *Scalley*, 17 Mass. App. Ct. 224, 230-231

(1983). Defense counsel's questions implicitly suggested to the jury that Whalen was absent because his testimony would have contradicted that of the victim. That suggestion was false, and it became important for the prosecutor, if possible, to set the record straight. The judge conducted an extensive voir dire and concluded that, although there was poor police investigatory work, there was no bad faith on the part of the prosecutor in failing to produce Whalen sooner and no prejudice to the defense in allowing Whalen's testimony. The judge afforded defense counsel the opportunity to cross-examine Whalen during the voir dire and postponed Whalen's testimony until the final day of trial. Whalen's testimony itself was cumulative. There was no error. See *Commonwealth* v. *Scalley*, 17 Mass. App. Ct. at 231; *Commonwealth* v. *Pope*, 19 Mass. App. Ct. 627, 630-631 (1985). Compare *Commonwealth* v. *Chappee*, 397 Mass. 508, 515, 518 (1986).

5. *Limitation of cross-examination.* The defendant twice sought to inquire into the victim's use of drugs, in particular, "mescaline," on the night of the rape in order to impeach the victim. Such evidence might have caused the jury to question the victim's perception and memory and might have indicated that he had "dreamed the whole matter up." As a basis for asking the questions, defense counsel relied upon a record of the victim's conviction on April 22, 1983, for possession of marihuana and the allegation that the victim was known by drug-related nicknames.

Because he viewed the basis as insufficient, the trial judge excluded the questions and denied the defendant's requests for a voir dire. Although it might have been preferable for the judge to conduct a brief voir dire of the victim on the subject of his possible drug use on the day of the incident, it was within the judge's discretion to deny the request for a voir dire absent a "substantial basis" for the inquiries. *Commonwealth* v. *Bianco*, 388 Mass. 358, 368-369 (1983). Without a substantial basis for the questions, there is a risk of "communicat[ing] impressions by innuendo . . . ." See *Commonwealth* v. *White*, 367 Mass. 280, 284 (1975). The judge did not abuse his discretion in determining that neither a conviction of possessing

marihuana several months before the rape nor the possible use at some time of a suggestive nickname was a sufficient basis for posing the particular questions. Compare *Commonwealth v. Ciminera*, 11 Mass. App. Ct. 101, 103 (1981).

*Judgments affirmed.*