NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-247

COMMONWEALTH

vs.

LAWRENCE TRAHAN, JR.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

A Superior Court jury found the defendant guilty of aggravated rape of a child, G. L. c. 265, § 23A (a), and indecent assault and battery on a child, G. L. c. 265, § 13B.[1] The defendant contends that the evidence was insufficient as to the aggravated rape charge and that the prosecutor's closing argument was improper. We affirm.

Background. With respect to our analysis of the defendant's argument regarding the sufficiency of the evidence, we summarize the evidence in the light most favorable to the Commonwealth, reserving some facts for the discussion of

---

[1] He was acquitted of a second count of aggravated rape of a child.

specific issues. See Commonwealth v. Latimore, 378 Mass. 671, 676-677 (1979). At the time of the touching and rape, the victim was eight or nine years old. The defendant was dating the victim's mother and living with them both. The victim, who was thirteen years old at the time of trial, testified that the defendant touched her naked breasts with his hands and placed his penis inside her anus. When touching her breasts, the defendant would tell the victim, "[D]on't say anything and be quiet." On another occasion, after being vaginally raped, the defendant told the victim, "[D]on't tell anyone."[2]

The defendant testified and denied the allegations of rape and indecent assault and battery. His defense was that the victim lacked credibility and falsified the allegations because she wanted to live with her father who had a nicer home and more resources than her mother and the defendant. Defense counsel extensively cross-examined the victim about her prior inconsistent statements and how she received gifts from her aunt to talk about the defendant.

Discussion. 1. Sufficiency of the evidence. The defendant moved for a required finding of not guilty at the close of the Commonwealth's case and again at the close of all the evidence. Both motions were denied.

_____

[2] The defendant was not charged with the alleged vaginal rape.

We review the denial of a motion for a required finding of not guilty "to determine 'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Commonwealth v. Tavares, 484 Mass. 650, 655 (2020), quoting Commonwealth v. Cole, 473 Mass. 317, 334 (2015). Where conflicting inferences are possible, it is for the fact finder to determine where the truth lies because the weight and credibility of the evidence is wholly within the province of the fact finder. See Commonwealth v. Platt, 440 Mass. 396, 401 (2003). See also Commonwealth v. Holiday, 349 Mass. 126, 129 (1965) ("It is elementary that the acceptance or rejection of oral testimony, in whole or part, is within the exclusive province of the jury").

The defendant argues that the evidence was insufficient because the victim was "easily influenced by the adults around her" and much of her testimony was "highly contradictory." Specifically, the defendant asserts that the victim's trial testimony "significantly contradicted the statement she gave to an investigator," and that the sexual assault nurse examiner found "no evidence of old injuries or any injuries to [the victim's] anus area." Additionally, on the eve of trial, the victim disclosed a vaginal rape that she had not previously reported. In sum, the defendant asserts that the victim

3

"concocted" the allegations so she could receive "money and prizes" from her aunt and so she could go live with her father instead of her mother and the defendant.

There is no merit to the defendant's argument that the evidence was insufficient because the victim's testimony was "highly contradictory." Despite inconsistencies in the victim's testimony, the jury could reasonably have believed her account of the assaults.[3] Moreover, "the jury were free to believe the [victim]." Commonwealth v. Franceschi, 94 Mass. App. Ct. 602, 606 (2018). "The inconsistencies in the [victim's] testimony . . . go to [her] credibility and do not affect the sufficiency of the evidence." Commonwealth v. Ruci, 409 Mass. 94, 97 (1991). See also Commonwealth v. Santos, 100 Mass. App. Ct. 1, 3 (2021) ("Notwithstanding the defendant's argument to the contrary, the victim's testimony, as credited by the jury and evidenced by their verdicts, suffices to support the defendant's convictions"); Commonwealth v. Melchionno, 29 Mass. App. Ct. 939, 940 (1990) (despite fact that "some of the evidence could be characterized as equivocal or contradictory,"

---

[3] We emphasize that a "victim's testimony alone, believed . . . by the jury, [can] suffice[] to support the defendant's convictions." Commonwealth v. Santos, 100 Mass. App. 1, 6 (2021). See also Commonwealth v. Gonsalves, 23 Mass. App. Ct. 184, 185 (1986) ("The victim's account of [rape] was sufficient to overcome the defendant's motion for a required finding of not guilty of rape").

4

victim's testimony along with other evidence was "sufficient to take the case to the jury").

Here, the jury chose to believe the victim's testimony and we decline to second guess the jury's determination. See Commonwealth v. Lake, 410 Mass. 47, 51 (1991).[4]

2. Closing argument. The defendant asserts that the prosecutor impermissibly urged the jury to do their duty by convicting the defendant when he said,

> "When considering all the evidence, looking at what [the victim] told you, how she told you about what happened, look within yourselves, think about those charges and think about all the elements of those charges and how she talked about those charges, and I know that you will reach a just verdict. You will consider all of the evidence. You will not take this lightly because this is something that you've sworn to do. And I know that you will reach a just result."

Because the defendant did not object at trial, we review to determine whether any error created a substantial risk of a miscarriage of justice. See Commonwealth v. Saulnier, 84 Mass. App. Ct. 603, 607 (2013).

---

[4] The defendant alternatively asserts that the Commonwealth's case "significantly eroded" after the defendant presented his case. This argument too lacks merit. "Deterioration only occurs where the Commonwealth's evidence of necessary elements is later shown to be incredible or conclusively incorrect" -- neither of which was shown in this case (quotation and citation omitted). Commonwealth v. Gomez, 450 Mass. 704, 710 (2008). Additionally, as here, where "the defendant's evidence at trial turned solely on the credibility of his witnesses," the Commonwealth's case cannot deteriorate. Platt, 440 Mass. at 404.

5

"It is improper for a prosecutor to equate a guilty verdict with justice," Commonwealth v. Francis, 450 Mass. 132, 140 (2007), or to suggest that a jury has a "duty to convict" or to imply that "proper performance of their function requires a guilty verdict." Commonwealth v. Deloney, 59 Mass. App. Ct. 47, 53 (2003).  See also Commonwealth v. Degro, 432 Mass. 319, 328-329 (2000) (improper for prosecutor to ask jury "to do your job" because it implicitly equated jury's job with duty to convict); Commonwealth v. Sanchez, 405 Mass. 369, 375 (1989) (improper for prosecutor to urge jury "to convict the defendant in order to end the victim's nightmares" because it "was the equivalent of an exhortation that the jury had a duty to the victims to render verdicts of guilty").

However, a "prosecutor's statement[s] regarding the jury's duty to determine what happened, and to seek the truth, [are] not improper." Commonwealth v. Carriere, 470 Mass. 1, 20 (2014).  A prosecutor is permitted to remind jurors of their duty "to consider all the evidence" and "return a just verdict," even while urging the jury to convict. Commonwealth v. Lyons, 426 Mass. 466, 471-472 (1998).  For instance, in Lyons, supra, the prosecutor ended his closing with, "I suggest to you there is one just verdict in this case, ladies and gentlemen:  that the defendant is guilty as charged, that he is guilty of first degree murder, and that should be and will be your just and true

6

verdict."  Id. at 471 n.10.  See also Carriere, supra at 19 (not

improper for prosecutor to close with, "Speak the truth.

Thirty-two years is a long time; and now it's time for you,

jurors, to speak the truth.").

The prosecutor's statements in the instant case were not

impermissible.  Even if the prosecutor implicitly suggested that

the jury had a "duty," such a reference is proper when the

request is to render a "just" verdict."  See Lyons, 426 Mass. at

471-472.  Furthermore, the prosecutor permissibly reminded the

jury to "consider all of the evidence."  See id.  This was not

an attempt by the prosecutor to equate the jury's task with

returning a guilty verdict.  We are satisfied that the

prosecutor's statements were simply an attempt to encourage the

jury to review all of the evidence and return a verdict in line

with the truth.  See Carriere, 470 Mass. at 20.

In any event, the defendant did not object to the closing

argument at trial and the closing was followed by the judge's

instruction that opening and closing statements are not

evidence.  See Carriere, 470 Mass. at 20 ("The absence of an

objection at trial may be viewed as some indication that the

tone [and] manner . . . of the now challenged aspects of the

prosecutor's argument were not unfairly prejudicial" [quotation

and citation omitted]).  Accordingly, the prosecutor's statement

did not create a substantial risk of a miscarriage of justice.

Judgments affirmed.

By the Court (Blake,
Ditkoff & D'Angelo, JJ.[5]),

*Paul Little*
Clerk

Entered:  November 4, 2024.

---

[5] The panelists are listed in order of seniority.