SHERRY MOORE *vs.* FLEET REFRIGERATION AND AIR CONDITIONING COMPANY, INC. No. 89-P-109. April 10, 1990. *Negligence*, Air Conditioner. *Witness*, Expert. *Evidence*, Expert opinion, Relevancy and materiality.

This personal injury action arises out of an accident in which the cover of an air conditioner, located above the plaintiff's desk at work, fell and struck her on the head. After a three-day trial in the Superior Court, the jury found liability on the part of the defendant and awarded damages in the amount of $35,000. Both parties appealed.

1. *The sufficiency of the evidence of negligence.* The defendant contends in its appeal that there was insufficient evidence of negligence for submission of that issue to the jury and that the judge erred, therefore, in denying its motion for judgment notwithstanding the verdict. The evidence, viewed in the light most favorable to the plaintiff, was the following. An employee of the defendant, who had removed the air conditioner from the plaintiff's office for routine maintenance, reinstalled it approximately three hours before the accident. No one touched the air conditioner between the time it was reinstalled and the time of the accident. Drilling and construction work had been going on in the area surrounding the plaintiff's office for some time. However, there had been no unusually forceful shocks or vibrations on the day of the accident, and on no other occasion had the air conditioner cover fallen off.

There was no direct evidence of negligence on the part of the defendant's employee in reinstalling the air conditioner and, in particular, in replacing the cover. There was circumstantial evidence, however, and the jury were properly permitted "to draw from the occurrence itself of an unusual event the conclusion [or a rational inference] that it would not have happened unless the defendant had been negligent." *Evangelio* v. *Metropolitan Bottling Co.*, 339 Mass. 177, 180 (1959). See *DiRoberto* v. *Lagasse*, 336 Mass. 309, 311-312 (1957); *Purdy* v. *R.A. McWhirr Co.*, 350 Mass. 769 (1966); *Zezuski* v. *Jenny Mfg. Co.*, 363 Mass. 324, 329 (1973); *Wilson* v. *Honeywell, Inc.*, ante 298, 300 (1990); Restatement (Second) of Torts § 328D (1965), particularly Illustration 4. The denial of the motion, therefore, was not error.

2. *The refusal to allow a social worker to testify as an expert witness.* In her appeal, the plaintiff claims, among other things, that the judge erred in refusing to allow a licensed independent clinical social worker to give expert opinion testimony as to the causal connection between the plaintiff's physical injuries and her continuing depression. The plaintiff had testified that she was seeing the social worker weekly because she was depressed as a result of her continuing pain.

"Although a trial judge has broad discretion in determining the qualifications of a witness to testify as an expert, his decision will not be upheld if it is erroneous as matter of law." *Letch* v. *Daniels*, 401 Mass. 65, 66 (1987). Here, the trial judge, sua sponte, made a blanket determination before hearing any of the witness's qualifications, that, as a matter of law, a social worker, because she was not a medical doctor, could not testify about psychological matters. The judge said: "I'm not going to let her give any psychological opinions; it is absolutely out." The judge's view of the law was erroneous.

The mere fact that the witness was not a medical doctor was not sufficient to disqualify her from testifying on psychological matters. See *Custody of a Minor (No. 2)*, 378 Mass. 712, 723 (1979). Compare *Commonwealth* v. *Boyd*, 367 Mass. 169, 182 (1975); *Commonwealth* v. *Monico*, 396 Mass. 793, 803-804 (1986). The witness had two degrees in social work. She had approximately fifteen years of relevant work experience. She specialized in helping patients adjust to the impact of physical injuries upon their lives. She had extensive contact in treating this particular plaintiff. See *Drake* v. *Goodman*, 386 Mass. 88, 91 (1982). Finally, the witness was licensed by the State to undertake "diagnosis and treatment of mental and emotional illness[,]" 258 Code Mass. Regs. § 12.01(2)(b)(2) (1986), by methods including "psychotherapy of a nonmedical nature," G. L. c. 112, § 130, inserted by St. 1977, c. 818, § 2. Her testimony in the field of her expert knowledge might have been of appreciable assistance to the jury. The plaintiff had the right at least to have the judge fairly consider the witness's particular qualifications before excluding her testimony.

The testimony might well have had a material effect on the outcome of the case, at least as to damages. See *DeJesus* v. *Yogel*, 404 Mass. 44, 47-48 (1989); *Fourth St. Pub, Inc.* v. *National Union Fire Ins. Co., ante* 163 (1989); G. L. c. 231, § 132; Mass.R.Civ.P. 61, 365 Mass. 829 (1974). The plaintiff made an offer of proof that the witness would testify that, in her opinion, the plaintiff was suffering from depression caused by her accident-related injuries. In his closing statement to the jury, defense counsel argued that the plaintiff's continuing disabilities were the result of psychological problems unrelated to the accident. He stated: "We didn't have any psychiatrists here to tell us really what caused this psychiatric problem, this disability." Apparently, the jury accepted the defendant's argument. Their award was only $35,000, even though the evidence was that the plaintiff had $36,158 in medical expenses, and significant pain and suffering and lost earning capacity. In the circumstances, the plaintiff is entitled to a new trial on damages.

Accordingly, we affirm the judgment insofar as it pertains to liability, but reverse it with respect to the amount of damages. We affirm the denial of the defendant's motion for judgment notwithstanding the verdict, and remand the case for a new trial solely on the issue of damages.[1]

*So ordered.*

*Harvey A. Schwartz* for the plaintiff.
*D. Alice Olsen* for the defendant.

---

[1]We need not address the plaintiff's other claims of error which are either without merit or are not likely to recur at any new trial on damages.