COMMONWEALTH *vs.* CLARENCE THAYER
(and nine companion cases[1]).

Middlesex. April 6, 1994. - June 14, 1994.

Present: LIACOS C.J., ABRAMS, NOLAN, LYNCH, & GREANEY, JJ.

*Rape. Practice, Criminal*, Lesser included offense, Instructions to jury. *Evidence*, Fresh complaint, Expert opinion, Failure to produce witness. *Witness*, Expert.

At the trial of indictments charging forcible rape of two children, there was no error in the judge's instructing the jury on lesser included offenses of statutory rape, over the defendant's objection, where the evidence warranted such an instruction. [132-133]

At the trial of rape indictments, the defendant showed no prejudice from the judge's failure to inform counsel before final argument of her proposed instruction on lesser included offenses of statutory rape, where the defendant's position throughout the trial was that sexual intercourse, with or without force, had not occurred. [134]

At the trial of indictments for rape of two children, fresh complaint evidence was properly admitted in the discretion of the trial judge [134]; nor was there any error in the judge's qualifying an expert witness and admitting her testimony as to the general behavioral characteristics exhibited by sexually abused children [134].

At a criminal trial, there was no error in the judge's declining to give the jury a "missing witness" instruction where no proper foundation for it had been laid. [135]

There was no merit to a criminal defendant's claim that her convictions for forcible rapes of two children were duplicative where each indictment alleged a separate offense. [135]

INDICTMENTS found and returned in the Superior Court Department, four on September 6, 1989, and six on December 12, 1990.

The cases were tried before *Barbara A. Dortch-Okara*, J.

---

[1]Six against Isabell Thayer and three against Clarence Thayer.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Carlo A. Obligato,* Committee for Public Counsel Service, for Clarence Thayer.

*Lawrence R. Glynn* for Isabell Thayer.

*Daniel A. Less,* Assistant District Attorney, for the Commonwealth.

NOLAN, J. The defendants, Clarence and Isabell Thayer, husband and wife, were tried jointly on indictments charging them with forcible rape of their two children,[2] both under the age of sixteen in violation of G. L. c. 265, § 22A (1992 ed.), and with indecent assault and battery on a child under the age of fourteen in violation of G. L. c. 265, § 13B (1992 ed.). After trial, the defendants were found guilty of statutory rape (G. L. c. 265, § 23) and indecent assault and battery. The defendants appealed to the Appeals Court which reversed the convictions of statutory rape and affirmed the convictions of indecent assault and battery. 35 Mass. App. Ct. 599 (1993). We granted the Commonwealth's application for further appellate review. We affirm the judgments of the Superior Court.

From the evidence, the jury were warranted in finding that between December, 1985, and March, 1989, the defendants sexually abused their two children[3] by digital and penile, vaginal and anal, penetration.

---

[2]Pseudonyms are used. At the time the offenses began, Patty was six and one-half years old and Jill, four and one-half years old. Jill was the natural born child of the defendants. Patty is Isabell's daughter and Clarence's stepdaughter.

[3]More graphic details can be found in the opinion of the Appeals Court, 35 Mass. App. Ct. 599, 600-601 (1993): "Clarence called the children into the defendants' bedroom; at times the defendants were undressed, and at other times they were fully clothed. When clothed, the defendants ordered the girls to remove the defendants' clothing and then their own. Patty was then told to sit or lie on the defendants' bed. Clarence approached Patty and put his finger or his penis inside Patty's vagina and 'bottom' and also told Patty to put her fingers on his penis and to touch the outside of his bottom. Isabell then put her finger inside and outside Patty's vagina and bottom, touched her bottom with her tongue, and licked her daughter's breasts. Isabell also forced Patty to put her fingers inside and outside Isa-

The children were removed from the defendants' home by the Department of Social Services (department) in March, 1989, and in April were placed in the foster home of James and Janice Doran. They continued to see the defendants on a weekly basis under the supervision of a department social worker. After the girls disclosed to the Dorans in July and August, 1989, that Clarence had sexually abused them, the department terminated Clarence's visitation rights. In late June, 1990, the girls told the Dorans and the department that their mother had also raped them.

1. *Lesser included offense.* Clarence concedes that statutory rape in G. L. c. 265, § 23,[4] is a lesser included offense within the forcible rape of a child under sixteen years of age within G. L. c. 265, § 22A. *Commonwealth v. Franks*, 365 Mass. 74, 78 (1974). The principal issue (and the only one raised by Clarence) in this case is whether the judge erred in giving an instruction on statutory rape which differs from forcible rape because the Commonwealth is not required to prove lack of consent, force, or threat of bodily injury.

The test is whether on any view of the evidence a verdict of guilty of the lesser included offense of statutory rape is permitted. The test has been described in terms of whether the evidence presents "a rational basis for acquitting the defendant of the crime charged and convicting him of the lesser included offense." *Commonwealth v. Santo*, 375 Mass. 299, 305 (1978), quoted with approval in *Commonwealth v. Egerton*, 396 Mass. 499, 503 (1986). Phrased still differently, if on any hypothesis of the evidence, the jury could have found the defendants guilty of statutory rape, giving an instruction to the jury on this crime is not error. See *Commonwealth v.*

bell's vagina and bottom, and to touch Isabell's breasts. Clarence also raped Jill both digitally and with his penis and forced her to touch his penis and put her fingers inside his buttocks. Isabell had Jill put her fingers inside her mother's vagina and 'behind' and then put her own mouth on Jill's vagina and behind." (Footnote omitted.)

[4]General Laws c. 265, § 23, defines statutory rape as sexual intercourse or unnatural sexual intercourse and abuse of a child under sixteen years of age.

*Walden*, 380 Mass. 724, 727 (1980).[5] Clarence alone argues that he wanted an "all or nothing" charge on forcible rape. It must be admitted that it would have been better practice for the prosecutor to bring the matter of such an instruction to the judge's attention at the charge conference and for the judge to give the instruction on the lesser included offense with her first general jury instructions. The prosecutor, after the judge's first instructions, apologized to the judge for not raising the issue during the charge conference but the judge at that time refused to give the requested instruction. The next morning before the jury resumed deliberations, the judge informed counsel that she was going to give an instruction on statutory rape. The defendants objected. However, the "test to determine if an instruction on a lesser included offense is required does not depend on whether there is an objection by the defendant or the Commonwealth but rather whether the evidence supports the giving of such instruction." *Commonwealth* v. *Vasquez*, 27 Mass. App. Ct. 655, 660 (1989), and cases cited.

This case is presented in a different focus from most cases involving the issue of an instruction on a lesser included offense because in most cases the defendant is arguing that the failure of the judge to give such instruction is reversible error. See, e.g., *Commonwealth* v. *Campbell*, 352 Mass. 387, 398-399 (1967) (error to refuse to instruct on involuntary manslaughter in trial of murder indictment).

If the jury disbelieved the victims' testimony about threats of slapping and spanking and getting in "trouble," they might still believe that the defendants had intercourse with the victims or abused them. This hypothesis was sufficient to justify the instruction on statutory rape.[6]

---

[5]We see nothing in the Federal cases examined by the Appeals Court (35 Mass. App. Ct. at 603-605) which persuades us to depart from our own well-established rules.

[6]At oral argument Clarence argued for a rule by which we would be required to conclude that there was force simply because of the parent-child relationship. We are unable to find any such arguments in the brief. Mass. R. A. P. 16 (a) (4), as amended, 367 Mass. 921 (1975).

For the first time, Clarence argues that he was deprived of the opportunity of arguing to the jury the crime of statutory rape. When he objected to the instruction, it was solely because in his view there was no evidence from which the jury could find the defendants guilty of statutory rape.

The Commonwealth concedes, as it must, that there was a violation of Mass. R. Crim. P. 24 (b), 378 Mass. 895 (1979), in the judge's failure to inform counsel of her proposed instructions before final argument. However, when the judge announced her intention to give the instruction on statutory rape, the defendants made a timely objection.

Clarence was not prejudiced because he maintained throughout the case that the defendants never had sexual intercourse with the victims with or without force. This was Clarence's position throughout the entire trial. He can hardly claim to be prejudiced by an instruction concerning rape without force.

2. *Fresh complaint.* Isabell argues that the victims' statements to their foster parents in which they complain they were sexually abused by her, should not have been admitted as fresh complaint because of delay and coercion. These statements were uttered approximately sixteen months after the last alleged incident. There was no objection interposed at trial. There is no evidence that these statements were coerced and they were not untimely in the light of the victims' ages and circumstances. See *Commonwealth* v. *Dockham*, 405 Mass. 618, 625-626 (1989). Whether statements are sufficiently "fresh" is within the sound discretion of the trial judge. *Commonwealth* v. *Fleury*, 417 Mass. 810, 813-815 (1994), and cases cited.

3. *Expert testimony.* There was no error in qualifying a licensed psychiatric social worker as an expert witness. Her testimony did not exceed the province of her expertise and her competency did not depend on her being a medical doctor. See *Custody of a Minor (No. 2)*, 378 Mass. 712, 723 (1979). There was no error in admitting her testimony as to the general behavioral characteristics exhibited by sexually abused children. *Commonwealth* v. *Dockham, supra* at 630.

4. *Other issues.* There was no error in denying the requested instruction on "missing witnesses" because a proper foundation had not been laid. There was no right to the instruction and the judge properly declined to provide it. *Commonwealth* v. *Franklin*, 366 Mass. 284, 292-293 (1974).

There is nothing to Isabell's argument that the indictments were duplicative. Each indictment alleged a separate incident.

*Judgments affirmed.*