We summarize the evidence introduced at trial by the Commonwealth. On April 13, 1993, the fourteen year old victim, whom we shall call Timothy, and three friends visited the defendant’s apartment. The defendant served them beer and mixed drinks containing vodka and peppermint schnapps. Timothy became ill and eventually fell asleep inside the defendant’s apartment. Later, he awoke briefly and noticed that the defendant was rubbing his buttocks and pubic area. He dozed off again and *835 subsequently awoke to find the defendant performing fellatio on him. He pushed the defendant away, left the apartment hurriedly, and reported the incident to police.
1. Examination of prospective jurors. After the venire were sworn and the charges read, the judge addressed the potential jurors collectively. He described the allegations against the defendant and emphasized the importance of remaining impartial, unbiased, and free from prejudice toward the defendant and the nature of the charges against him. He stated that the youth of the alleged victims in the case should not affect a juror’s ability to judge the defendant fairly and described several additional circumstances under which a juror’s impartiality might be compromised. The judge also advised the venire that a defendant is presumed innocent until proven guilty, that the Commonwealth has the burden of proving guilt beyond a reasonable doubt, and that a defendant need not present any evidence in his own behalf. He concluded his remarks by inviting any potential juror with doubts regarding his impartiality to approach side bar. After several members of the venire came forward and were questioned individually, the jury were selected.[2]
On appeal, the defendant argues that the judge’s pre-empanelment remarks violated both G. L. c. 234, § 28, and Mass.R.Crim.P. 20(b)(1), because they were not posed as questions, as prescribed by the statute, but, instead, as general instructions or remarks. See G. L. c. 234, § 28.[3] He also contends that the judge’s reference to the ages of the victims served to discourage potential jurors from disclosing any biases they may have had against crimes involving sexual contact with children.
General Laws c. 234, § 28, imposes a duty on the trial judge to determine whether prospective jurors are free from interest, bias, and prejudice. Commonwealth v. Beneficial Fin. Co., 360 Mass. 188, 295 (1971), cert, denied, 407 U.S. 910, 914 (1972). We have, however, “characterized the failure of the judge to make specific inquiry of the venire as to relationship, interest, opinion, bias, or prejudice, as required by Mass.R.Crim.P. 20(b)(1), 378 *836 Mass. 889 (1979), as a ‘mere irregularity”’ in the jury-empanelling process. Commonwealth v. Levy, 29 Mass. App. Ct. 279, 286 (1990), quoting Commonwealth v. Fudge, 20 Mass. App. Ct. 382, 388-389 (1985). Pursuant to G. L. c. 234, § 32, no such irregularity shall be “sufficient to set aside a verdict unless the objecting party has been injured” as a result. Commonwealth v. Campbell, 394 Mass. 77, 84 (1985), citing Commonwealth v. McKay, 363 Mass. 220, 223 (1973). Commonwealth v. Fudge, 20 Mass. App. Ct. at 389. Commonwealth v. Levy, 29 Mass. App. Ct. at 286.
We think it would have been preferable for the judge to employ the traditional method of examining prospective jurors, i.e., posing individual questions followed by a show of hands. “That which is desirable and wise, however, may not necessarily be required as matter of law.” Commonwealth v. Ramos, 31 Mass. App. Ct. 362, 364 (1991). Because the judge’s remarks appear to have been well calculated to assure that the legislative objectives of G. L. c. 234, § 28, and Mass.R.Crim.P. 20(b)(1), were satisfied, we cannot say that he was required to pose his inquiry in any particular format. Commonwealth v. Gordon, 422 Mass. 816, 822-823 (1996). Further, the defendant does not claim to have been injured by the judge!s failure to pose the statutory inquiries in question form. Under these circumstances, we fail to see how the alleged error could have prejudiced the defendant. Therefore, his claim must fail.
2. Jury instructions. The defendant next argues that on two separate occasions, the judge erroneously instructed the jury regarding the crime of forcible rape of a child under sixteen years of age. G. L. c. 265, § 22A. “[Njonconsent and force or threats of bodily injury are essential elements of forcible rape.” Commonwealth v. Thayer, 35 Mass. App. Ct. 599, 602 n.7 (1993), S.C., 418 Mass. 130 (1994). Nolan & Henry, Criminal Law § 231 (2d ed. 1988). In his charge to the jury, the judge initially listed and described the elements of the crime correctly.[4] He subsequently described each element in greater detail and specifically addressed the possible effects of alcohol consumption on a victim’s ability to consent. The judge then announced, however, that consent was not an issue in the case because of the age of the child.
After the entire charge was completed and the jury had begun to deliberate, they returned with a question whether intoxication or accompanying inability to consent constituted force. In response, the judge again told the jury that consent was not an issue in the case, adding that “a child under the age of sixteen is incapable of giving consent.” Defense counsel did not object to either incorrect instruction.
The judge’s statement that consent was not an issue was erroneous *837 because it permitted the jury to convict the defendant of rape of a child with force in the absence of any proof that the victim did not consent. See Commonwealth v. Thayer, 35 Mass. App. Ct. at 602 n.7. See also Nolan & Henry, supra. Moreover, his subsequent response to the jury’s question only served to compound the error. After “evaluatpng] the impact of the [erroneous instructions] in the context of the entire trial,” however, Commonwealth v. Gabbidon, 398 Mass. 1, 5 (1986), we conclude that, because the instructions did not relate to an issue actively contested at trial, there was no substantial risk of a miscarriage of justice. See Commonwealth v. Gabbidon, 398 Mass. at 5 (specific intent to kill); Commonwealth v. Shea, 398 Mass. 264, 269 (1986)(same); Commonwealth v. Fulgham, 23 Mass. App. Ct. 422, 427 (1987) (consent of the victim); Commonwealth v. Gagnon, 37 Mass. App. Ct. 626, 629 (1994), S.C., 419 Mass. 1009 (1995) (specific intent to kill).
Myles Jacobson for the defendant.
Carolyn K. Ince, Assistant District Attorney, for the Commonwealth.
At trial, the defendant never suggested that Timothy consented to sexual intercourse. Instead, he denied that the alleged contact ever occurred. The only live issue, therefore, was whether the defendant and Timothy engaged in sexual intercourse. Accordingly, there was no substantial risk of a miscarriage of justice. Cf. Commonwealth v. Fulgham, 23 Mass. App. Ct. at 427.

Judgments affirmed.

 Five potential jurors came forward, and three were dismissed. At the defendant’s request one potential juror was excused for cause, and each side exercised numerous peremptory challenges.

 The statute, as amended through St. 1985, c. 463, provides in pertinent part:
“Upon motion of either party, the court shall . . . examine on oath a person who is called as a juror ... to leam whether he is related to either party or has any interest in the case, or has expressed or formed an opinion, or is sensible of any bias or prejudice .... In a criminal case such examination shall include questions designed to leam whether such juror understands that a defendant is presumed innocent until proven guilty, that the [C]om-monwealth has the burden of proving guilt beyond a reasonable doubt, and that the defendant need not present evidence in his behalf’ (emphasis added).
Rule 20(b)(1) is similar to G. L. c. 234, § 28. The rule, however, “mandates examination [of the venire] even in the absence of a request by counsel,” Commonwealth v. Levy, 29 Mass. App. Ct. 279, 285 n. 10 (1990), but does not include any reference to the inclusion of specific questions regarding the three “burden of proof principles” applicable in criminal cases. See Commonwealth v. Gordon, 422 Mass. 816, 822-823 (1996).

 The judge stated:
“In order for the defendant to be found guilty . . . the Commonwealth must prove to you three things beyond a reasonable doubt . . . that the defendant . . . engaged in sexual intercourse . . . with the victim; . . . that the sexual intercourse was accomplished by compelling the victim to submit by force or threat of bodily injury and against his will; and third, that [the victim] was a child under the age of sixteen.”