After a jury trial, the defendant was found guilty of indecent assault and battery on a person fourteen years of age or older. The defendant claims that the judged erred in declining to instruct the jury on the lesser included offense of assault and battery. We affirm.
The defendant claims that the jury could have found either that his touching of the victim's buttocks was not indecent, or alternatively that he "intentionally" touched the victim on her back, not on her buttocks, despite his own testimony that the touching was accidental. We disagree.
To be entitled to a lesser included instruction on assault and battery, the evidence must provide a rational basis for acquitting the defendant of indecent assault and battery, and convicting him of the lesser included offense. See Commonwealth v. Thayer, 35 Mass. App. Ct. 599, 602 (1993), S.C., 418 Mass. 130 (1994). However, "[e]ven when evidence is introduced that would justify conviction for a lesser included offense, the defendant is not entitled to an instruction thereupon unless the proof on the 'elements differentiating the two crimes is sufficiently in dispute so that the jury may consistently find the defendant innocent of the greater and guilty of the lesser included offense.' " Commonwealth v. Olmande, 84 Mass. App. Ct. 231, 238-239 (2013), quoting from Commonwealth v. Egerton, 396 Mass. 499, 504 (1986). "That evidence, in ordinary circumstances, cannot be the mere possibility that the jury might not credit a portion of the Commonwealth's evidence, which of course they are always free to do." Commonwealth v. Donlan, 436 Mass. 329, 337 (2002). See Commonwealth v. Porro, 458 Mass. 526, 536 (2010).
Here, the victim testified that the defendant ran up behind her, "grabbed" or "cupped" her left buttocks, and then celebrated his misdeed. According to the defendant, while under the influence of marijuana and alcohol, he decided to introduce himself to the victim, ran to catch up to her, tripped, and accidentally touched the victim's back with his chest area. Thereafter, he claimed he only raised his arms in self-defense.[2]
The defendant's claim that a lesser included instruction was warranted because the jury could have found that the defendant's touching was not indecent is wholly without merit. While not an exhaustive list, the "intentional, unjustified touching" of certain body parts such as the buttocks, thighs, pubic area, and breasts of a female constitutes an indecent assault and battery. Commonwealth v. Mosby, 30 Mass. App. Ct. 181, 184 (1991).[3] Rather, the differentiating element between the two offenses, i.e., indecency, was never in question at trial, and thus, the defendant was not entitled to a lesser included instruction.
The defendant makes an alternative claim that a lesser included instruction was required where the jury could have found that he committed an unconsented-to touching of a nonintimate part of the victim's body, i.e., her back, based on the conflicting accounts by the defendant and the victim. This too is without merit.
As stated above, there was no dispute about the element that differentiated the greater from the lesser crime. The element that the defendant did dispute was whether the touching was intentional as opposed to being the product of an accident when he tripped. However, with this being the focus of the dispute, the jury were left with only two possible verdicts: guilty of indecent assault and battery or a complete acquittal. In this circumstance, the defendant was not entitled to a lesser included instruction. See Egerton, 396 Mass. at 504 (lesser included instruction not warranted because defense, if believed, would have led to complete acquittal).
Nonetheless, the defendant claims that the jury could have believed portions of his testimony and portions of the victim's testimony to cobble together sufficient evidence to support the necessity of a lesser included instruction. We disagree. It is important to note that the focus in these circumstances is on the judge, and not the jury, because "a judge need not charge the jury on a hypothesis unsupported by the evidence." Ibid. To that end, "[t]he judge need not reconstruct all possible factual scenarios subsumed in the evidence presented, no matter how unreasonable, and charge the jury accordingly." Donlan, 436 Mass. at 337 (quotation omitted).
There was no affirmative evidence that the defendant intentionally touched the victim's back. There was only evidence that the defendant either intentionally grabbed the victim's buttocks or accidentally fell into her back. A finding that the defendant intentionally touched the victim's back could only be based on disbelief of the defendant's testimony that he tripped and fell into the victim. This does not constitute affirmative evidence sufficient to warrant a lesser included offense instruction. See ibid. The judge neither erred nor abused her discretion in denying the defendant's request for the lesser included instruction.
Judgment affirmed.

After the defendant assaulted the victim, she yelled, "[Y]ou mother fucker," and punched him in the face.

Also, the mere fact that the victim was clothed in shorts when the defendant accomplished his indecent touching of her buttocks in no way diminishes his crime. The law does not require indecent assault and battery to be accomplished by a touching under the clothes. See Commonwealth v. Castillo, 55 Mass. App. Ct. 563, 566 (2002).