## COMMONWEALTH *vs.* THOMAS F. DONLAN.

Plymouth. December 4, 2001. - March 14, 2002.

Present: MARSHALL, C.J., GREANEY, IRELAND, SPINA, COWIN, SOSMAN, & CORDY, JJ.

*Practice, Criminal,* Assistance of counsel, Lesser included offense, Instructions to jury. *Constitutional Law,* Assistance of counsel. *Indecent Assault and Battery. Rape. Evidence,* Prior misconduct.

Counsel of a defendant charged with forcible rape was not ineffective by failing to request a jury instruction on the lesser included offense of indecent assault and battery, and the defendant was not deprived of a substantial defense because of that failure, where there was no evidence putting in dispute or calling into question the element of penetration that distinguished the greater offense of rape from the lesser included offense of indecent assault and battery, and where the victim's testimony on this element was unequivocal, adequate, and unchallenged. [333-338]

At a criminal trial, the judge did not err in admitting evidence of a prior bad act involving the defendant and the victim, where the evidence was properly admitted to show motive or intent on the part of the defendant and the incident was sufficiently relevant and close in time to overcome any risk of undue prejudice. [338-339]

o

INDICTMENTS found and returned in the Superior Court Department on March 16, 1987.

The cases were tried before *Barbara A. Dortch-Okara*, J., and a motion for a new trial, filed on February 28, 2000, was heard by *Raymond J. Brassard*, J.

The Supreme Judicial Court granted an application for direct appellate review.

*Carolyn A. Burbine*, Assistant District Attorney, for the Commonwealth.

*Christopher R. Goddu* for the defendant.

*Stephen Paul Maidman*, for Committee for Public Counsel Services, amicus curiae, submitted a brief.

CORDY, J. On March 16, 1987, Thomas Donlan was indicted by a Plymouth County grand jury for indecent assault and battery on a child under fourteen years of age in violation of G. L.

c. 265, § 13B, and forcible rape of a child under sixteen years of age in violation of G. L. c. 265, § 22A.[1] Nearly ten years later, a trial was held and a jury found Donlan guilty of both offenses.[2] Donlan appealed, and the case was entered in the Appeals Court on September 15, 1999. Thereafter, on February 28, 2000, Donlan's newly appointed appellate counsel filed a motion for a new trial pursuant to Mass. R. Crim. P. 30 (b), 378 Mass. 900 (1979), solely regarding the forcible rape conviction. In that motion, Donlan claimed that his trial counsel had been ineffective by failing to request a jury instruction on the lesser included offense of indecent assault and battery and by failing to discuss this strategy with him before adopting it. After a hearing in the Superior Court, Donlan's motion for new trial was granted, and the Commonwealth appealed. The appeals were consolidated, and we granted Donlan's application for direct appellate review.[3] We reverse the allowance of the motion for a new trial, order the reinstatement of the rape conviction, and affirm the indecent assault and battery conviction.

1. *The trial.* At trial, the following evidence was adduced by the Commonwealth. In 1986, the victim, a twelve year old girl, lived with her mother and fourteen year old sister in an apartment in Brockton. Her parents were divorced and her father lived in Bridgewater where she and her sister visited him

---

[1]The indictments charged two separate acts occurring in the course of a single sexual assault. See note 4, *infra.*

[2]The long delay between indictment and trial is explained first by Donlan's commitment to Bridgewater State Hospital as incompetent to stand trial, and, after his release, by his default in these cases, which was removed only after his arrest for an unrelated charge in 1996.

[3]Donlan's notice of appeal was filed on February 28, 1997, but no specific issues were identified and no briefs were filed in the Appeals Court prior to the allowance of his motion for a new trial on the rape conviction. The Commonwealth's appeal was consolidated with Donlan's pending direct appeal and both were transferred here on direct appellate review. Donlan's motion for a new trial was based solely on his claim of ineffective assistance of counsel and was granted on the rape conviction alone, leaving in place Donlan's separate conviction of indecent assault and battery.

Donlan never filed a brief in his direct appeal, but raises one new issue in his brief in opposition to the Commonwealth's appeal. Specifically, Donlan claims the trial judge erred with respect to both convictions by admitting certain prior bad act evidence. While the Commonwealth does not respond to this issue in its brief, we nonetheless decide it as part of the consolidated appeal.

regularly. In mid- to late December, 1986, the victim's mother had allowed her uncle, Donlan, to move in with the family temporarily. He slept on a pull-out couch in the living room. The victim had never met Donlan before that time.

On December 31, 1986, the victim, her mother, and her sister went out separately to celebrate New Year's Eve. The victim took a taxicab to a girl friend's house that night and arrived back at the apartment at approximately 1 A.M. on January 1, 1987. When the victim got home, Donlan was the only one in the house and he was sitting on the pull-out couch watching television. The victim went up to her bedroom and changed into her nightgown before returning downstairs to watch television. She initially sat in a chair across from the couch, but Donlan suggested that she move over and sit with him to get a better view of the television. The victim sat down "Indian style," on the opposite corner of the bed from Donlan, with her nightgown covering her knees. At this point, Donlan grabbed her shoulder, and she pulled away and told him to "cut it out." Donlan then grabbed the victim's arm and leg, pulled her forcefully onto her back, and got on top of her. She struggled and told Donlan to stop but he did not respond. He used his left hand to hold both of the victim's wrists over her head while he pushed up her nightgown and pulled off her underpants. Donlan then brought the victim's arms down by her waist and licked her vagina. He licked the lips of her vagina and "up . . . the crack of it" for a few seconds. The victim then felt Donlan's erect penis between her legs as he began rubbing it against her vagina. His penis never penetrated the victim.[4]

The victim struggled, eventually "kneeing" Donlan, and got away. She ran up to her bedroom where she climbed onto the top of her bunk bed and cried herself to sleep. She did not tell anyone about the incident at that time because she was afraid that she would be blamed, that she would not be believed, and that nobody cared about her. Eight days later, the victim told a close friend what had occurred. The friend took the victim to

---

[4]The forcible rape indictment alleged unnatural sexual intercourse predicated on Donlan's licking the victim's vagina. The indictment charging indecent assault and battery was based on the contact between Donlan's penis and the victim's vagina during the incident.

her father's house where she described to him what Donlan had done to her. Her father took her to the Brockton police station where she reported the incident.

As part of its case, the Commonwealth elicited testimony from the victim about a previous uncharged incident which occurred in mid-December, 1986. At that time, the victim went into the bathroom of her home to wash up. She did not see or hear anyone else in the room, and the shower curtain was closed. When she reached behind her for a towel, Donlan opened the shower curtain and grabbed her arm. He was standing naked in the tub. The victim immediately pulled away and left the bathroom.

Donlan did not present any evidence at trial. His primary defense was that the incident never occurred, and his trial strategy was to raise doubts about the credibility of the victim.

At the close of the Commonwealth's evidence, Donlan moved for a required finding of not guilty on the rape indictment. During the ensuing bench conference, defense counsel argued that "what they seem to have shown, in a light most favorable to the Commonwealth, is an indecent assault and battery . . . . They did not appear to have described and presented . . . sufficient evidence to establish that distinction between indecent assault and battery by a tongue at one point and that it crosses over to rape. . . . I'm asking the court to say that in the light most favorable to the Commonwealth, the element of rape . . . cannot be presented to this jury, that all we have is an indecent assault and battery." The judge denied the motion for a required finding and defense counsel did not request that the judge instruct the jury on the lesser included offense of indecent assault and battery.

In his closing, defense counsel first stated that the charge of rape required proof of penetration and that there was no evidence of that. He then proceeded to argue his principal defense which was that those who knew the victim best in 1986 and 1987 did not really believe that she had been sexually assaulted and that the jury should not believe her now.

In an affidavit filed with Donlan's motion for a new trial, defense counsel stated that he "opted to undertake an all or nothing strategy in this matter. In that regard, I decided not to

ask the trial judge to instruct the jury on indecent assault and battery as a lesser included offense for forcible rape of a child under sixteen. I did not discuss this strategy with my client, Thomas Donlan."

A. *Ineffective assistance.* Donlan claims that his right to effective assistance of counsel, guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and by art. 12 of the Massachusetts Declaration of Rights, was violated when his attorney failed to request a jury instruction on the rape indictment which would have permitted the jury to consider the lesser offense of indecent assault and battery included therein, and failed to consult him regarding that decision. He contends that these failures constituted substandard conduct by his attorney that likely deprived him of an otherwise available, substantial defense. *Commonwealth* v. *Saferian,* 366 Mass. 89, 96 (1974).

In order to establish ineffective assistance of counsel, a defendant must prove both (1) that "there has been serious incompetency, inefficiency, or inattention of counsel — behavior of counsel falling measurably below that which might be expected from an ordinary fallible lawyer," and (2) that defense counsel's performance "has likely deprived the defendant of an otherwise available, substantial ground of defence." *Id.* at 96. In addition, "[w]here, as here, the claim is that defense counsel committed a tactical error, the defendant must demonstrate that defense counsel's tactical judgment was manifestly unreasonable." *Commonwealth* v. *Finstein,* 426 Mass. 200, 203 (1997), citing *Commonwealth* v. *Roberts,* 423 Mass. 17, 20 (1996). See *Commonwealth* v. *Adams,* 374 Mass. 722, 728 (1978).

Given that Donlan's primary defense at trial was that no sexual contact had occurred and that the victim had fabricated the entire story, the motion judge properly found that defense counsel's tactical decision not to request a lesser included instruction on the rape count at the close of the evidence was not manifestly unreasonable. In so finding, the judge concluded that "[a]lthough counsel could have argued that if something happened it lacked the penetration required for rape, as a practical matter, such an alternative argument would likely have sapped the force of the defense that no sexual contact occurred

and would have been tactically awkward." See *Commonwealth v. Zangari*, 42 Mass. App. Ct. 931, 933 (1997) (not manifestly unreasonable to forgo larceny instruction where the primary defense was misidentification); *Commonwealth v. Pagan*, 35 Mass. App. Ct. 788, 791 (1994) (not manifestly unreasonable to forgo manslaughter instruction where primary defense was that defendant was not involved in setting fatal fire).

Nevertheless, the motion judge went on to hold that Donlan was denied effective assistance of counsel because the decision "whether or not to request a lesser included offense instruction is a fundamental decision which ultimately rests with the defendant, and . . . failure to consult the defendant before forgoing such an instruction in favor of an 'all or nothing' strategy constitutes ineffective assistance of counsel." Donlan urges us to affirm the ruling of the motion judge and to adopt the rationale of the American Bar Association (ABA) and several other jurisdictions that "the defendant should be the one to decide whether to seek submission to the jury of lesser included offenses."[5] 1 ABA Standards for Criminal Justice Prosecution Function and Defense Function § 4-5.2 Commentary at 4-68 (2d ed. Supp. 1986).[6] We need not decide whether the decision to request an instruction on a lesser

[5]Donlan and the motion judge rely, respectively, on the 1986 and 1980 editions of the ABA Standards for Criminal Justice § 4-5.2 and commentary. In its most recent edition, the relevant language has been substantially amended. The commentary now reads: "It is also important in a jury trial for defense counsel to consult fully with the accused about any lesser included offenses the trial court may be willing to submit to the jury." ABA Standards for Criminal Justice Prosecution Function and Defense Function § 4-5.2 Commentary at 202 (3d ed. 1993).

[6]Several State courts have followed, to some degree, the ABA's rationale on this issue. See, e.g., *Van Alstine v. State*, 263 Ga. 1, 2-3 (1993) (while it is critical for defense counsel to consult fully with accused in decision whether to pursue "all or nothing defense" or request lesser included offenses, failure to consult was not per se ineffective assistance of counsel); *People v. Brocksmith*, 162 Ill. 2d 224, 227 (1994) (as general matter, defendant, rather than defense counsel, must have ultimate control whether to tender instruction on lesser included offense); *State v. Boeglin*, 105 N.M. 247, 252 (1987) (defendant must ultimately decide whether to seek submission of lesser included offenses to jury); *In re Trombly*, 160 Vt. 215, 219 (1993) (defendant should be one to decide whether to seek submission to jury of lesser included offense, but trial judge should reject that position if he concludes that defendant's strategy "is so ill-advised that it undermines a fair trial"); *State v. Ambuehl*, 145 Wis. 2d

included offense is a fundamental decision as to which the defendant has the ultimate authority, because, in the circumstances of these cases, Donlan's claim of ineffective assistance of counsel fails for other reasons. The evidence at trial did not support the giving of an instruction on the lesser included offense of indecent assault and battery. Therefore, the failure to request such an instruction (or discuss it with Donlan) was neither incompetent nor likely to deprive Donlan of an otherwise substantial ground of defense.

B. *Lesser included offense instruction.* The test for deciding when an instruction on a lesser included offense should be given to the jury is whether the evidence at trial presents "a rational basis for acquitting the defendant of the crime charged and convicting him of the lesser included offense." *Commonwealth* v. *Drewnowski*, 44 Mass. App. Ct. 687, 692 (1998), quoting *Commonwealth* v. *Thayer*, 418 Mass. 130, 132 (1994). If the evidence is sufficiently disputed at trial so the jury may rationally find the defendant not guilty of the greater and guilty of the lesser offense, the judge should give the lesser included offense instruction. See *Commonwealth* v. *Drewnowski, supra.* However, "even when evidence is introduced that would justify conviction for a lesser included offense, the defendant is not entitled to an instruction thereupon unless the proof on the 'elements differentiating the two crimes is sufficiently in dispute so that the jury may consistently find the defendant innocent of the greater and guilty of the lesser included offense.' " *Commonwealth* v. *Souza*, 428 Mass. 478, 494 (1998), quoting *Commonwealth* v. *Egerton*, 396 Mass. 499, 504 (1986). If the evidence supports the giving of such an instruction, it may properly be given, notwithstanding the objection of either side. See *Commonwealth* v. *Woodward*, 427 Mass. 659, 663 (1998); *Commonwealth* v. *Vasquez*, 27 Mass. App. Ct. 655, 660 (1989).

Indecent assault and battery is a lesser included offense of rape of a child by force. See *Commonwealth* v. *Walker*, 426

343, 355-357 (Ct. App. 1988) (counsel must consult with defendant regarding lesser included offense request but need not raise issue again in light of changed circumstances at trial). Others have declined to do so. See, e.g., *People* v. *Thompson*, 69 Mich. App. 465, 467-468 (1976); *Mathre* v. *State*, 619 N.W.2d 627 (N.D. 2000); *Bilderback* v. *State*, 13 P.3d 249, 251-252 (Wyo. 2000).

Mass. 301, 306 (1997). The difference between the two offenses is the element of penetration. See *id.* at 304. Here, the element of penetration required for a rape conviction is established by evidence that Donlan touched or came into contact with the victim's vagina, vulva, or labia. See *Commonwealth* v. *Edward*, 34 Mass. App. Ct. 521, 523 (1993); *Commonwealth* v. *Nylander*, 26 Mass. App. Ct. 784, 788 (1989); *Commonwealth* v. *Baldwin*, 24 Mass. App. Ct. 200, 204-205 (1987). "Intrusion into the vagina itself is not required to make out the wrongful penetration. Touching by the male of the vulva or labia . . . is intrusion enough." *Id.* at 204-205.

The only evidence at trial regarding penetration came from the victim. She testified that Donlan was "licking around [her vagina], licking up like the crack of it . . . . He was licking the lips of it. . . . My labia. I don't know if I was old enough to have a clitoris but he was just licking the whole area." The victim's testimony on the issue of penetration was not challenged by Donlan during cross-examination. If credited, it supports only a conviction of rape, and not of the lesser included offense of indecent assault and battery.

Donlan now contends that, because the victim's testimony came ten years after the incident, the jury could have disbelieved her memory with regard to whether penetration occurred, but still have found that an indecent assault and battery took place. Therefore, he argues, had the request for a lesser included offense instruction on the rape charge been made, it would have been well founded.

In allowing the defendant's motion for a new trial, the motion judge concurred in Donlan's view that a lesser included instruction would have been required if it had been requested, relying on *Commonwealth* v. *Thayer*, 418 Mass. 130, 133 (1994) (proposition that possibility of jury disbelief of portion of Commonwealth's evidence, may, in proper circumstances, provide basis for instruction on lesser included offense). We do not read *Thayer* so broadly as to depart from the principle set forth in *Commonwealth* v. *Egerton*, 396 Mass. 499 (1986), that there must be "some evidence on the element differentiating the

greater and lesser offenses,"[7] *id.* at 505, or, stated differently, some evidence that disputes or puts into question the element of penetration. That evidence, in ordinary circumstances, cannot be the mere possibility that the jury might not credit a portion of the Commonwealth's evidence, which of course they are always free to do. "The judge's duty to charge on lesser included offenses . . . is not coincident with the jury's unique prerogative as the ultimate fact finder. The judge need not reconstruct all possible factual scenarios subsumed in the evidence presented, no matter how unreasonable, and charge the jury accordingly." *Id.* See *Commonwealth* v. *Hobbs*, 385 Mass. 863, 871-872 (1982) (where two children testified that defendant had jumped on their bed, masturbated, and then assaulted them, and defendant claimed no involvement in matter, there was no duty to instruct jury on theory of simple assault).

*Commonwealth* v. *Thayer, supra,* when read in light of its facts, as more completely set out in the Appeals Court decision, *Commonwealth* v. *Thayer,* 35 Mass. App. Ct. 599, 601-606 (1993), *S.C.,* 418 Mass. 130 (1994), is distinguishable from the present case. There, the defendants were charged with sexually abusing their children, including committing acts of forcible rape. Although the defendants defended the case on the theory that the abuse had not occurred, defense counsel extensively cross-examined the principal victim on her testimony regarding force and threats (a necessary element of forcible rape), and was able to elicit testimony on those subjects which, in the light most favorable to the defendants, might have negated the evidence on that element in the minds of the jury.[8] Therefore, we held that the judge's decision to instruct the jury on the

---

[7] We disagree with the Appeals Court's conclusion in *Commonwealth* v. *Pearce,* 43 Mass. App. Ct. 78, 81 (1997), *S.C.,* 427 Mass. 642 (1998), that, in *Commonwealth* v. *Thayer,* 418 Mass. 130, 133 (1994), "the court departed from the rule delineated in [*Commonwealth* v. *Egerton,* 396 Mass. 499 (1986)] holding that the possibility of jury disbelief of a portion of the Commonwealth's evidence may in fact provide a basis for an instruction on a lesser included offense."

[8] The Appeals Court concluded that this cross-examination did not sufficiently put into dispute the element of force to warrant a lesser included instruction. *Commonwealth* v. *Thayer,* 35 Mass. App. Ct. 599, 607 (1993), *S.C.,* 418 Mass. 130 (1994). This court implicitly disagreed with that conclusion by holding that "[i]f the jury disbelieved the victims' testimony about

lesser included offense of statutory rape (for which force is not an element) was appropriate. *Commonwealth* v. *Thayer*, 418 Mass. 130, 133 (1994).

There is no evidence in this case putting in dispute or calling into question the element of penetration that distinguishes the greater offense of rape from the lesser included offense of indecent assault and battery. The victim's testimony on this element was unequivocal, adequate, and unchallenged. Donlan had no basis on which to request or secure a lesser included instruction on the offense of indecent assault and battery. See *Commonwealth* v. *Ortiz*, 47 Mass. App. Ct. 777, 778, 779 (1999) (at rape trial, no basis for instruction on indecent assault and battery where victim did not waver in her testimony that there had been anal penetration and defendant took stand to deny that any anal sexual contact occurred). His counsel was not ineffective by failing to request such an instruction, and Donlan was not deprived of a substantial defense because of that failure.

C. *Admission of prior incident between Donlan and the victim.* Donlan claims that the judge erred by improperly admitting evidence of a prior bad act involving himself and the victim. The admitted evidence consisted of the victim's testimony that Donlan had grabbed her in the bathroom while he was nude in the bathtub, about one week to ten days prior to the New Year's Eve incident. Prior to trial, the defendant sought to exclude this evidence and the judge denied the defendant's motion and allowed testimony about the incident "for the reason that it is reasonably close in time to the events and could have a tendency to indicate a motive or an intent on the part of the defendant." There was no error.

"It is well settled that the prosecution may not introduce evidence of a defendant's prior or subsequent bad acts for the purpose of demonstrating bad character or propensity to commit the crime charged. . . . However, such evidence may be admissible, if relevant, to show a common scheme or course of conduct, a pattern of operation, absence of accident or mistake, intent, or motive. . . . To be sufficiently probative the evidence

threats of slapping and spanking and getting into 'trouble,' they might still believe that the defendants had intercourse with the victims or abused them." *Commonwealth* v. *Thayer*, 418 Mass. 130, 133 (1994).

must be connected with the facts of the case or not be too remote in time" (citations omitted). *Commonwealth* v. *Barrett*, 418 Mass. 788, 793-794 (1994). If the evidence is admissible for one of these appropriate purposes, the judge must then determine whether the probative value of the evidence is outweighed by a risk of undue prejudice to the defendant. See *id.* at 794-795; *Commonwealth* v. *Helfant*, 398 Mass. 214, 225 (1986). The decision whether to admit such evidence is generally "a matter on which the opinion of the trial judge will be accepted on review except for palpable error." *Commonwealth* v. *Martino*, 412 Mass. 267, 280 (1992), quoting *Commonwealth* v. *Cordle*, 404 Mass. 733, 744 (1989), *S.C.*, 412 Mass. 267 (1992). See *Commonwealth* v. *Chartier*, 43 Mass. App. Ct. 758, 761 (1997). The testimony in this case was properly admitted by the trial judge to show motive or intent on the part of the defendant and the incident was sufficiently relevant and close in time to overcome any risk of undue prejudice. There was no palpable error in the judge's ruling. See *Commonwealth* v. *Martino*, *supra*.

2. *Conclusion.* The defendant's right to effective assistance of counsel was not violated in this case because there was insufficient evidence to support an instruction on the lesser included offense of indecent assault and battery. Further, evidence of the prior incident involving the defendant and the victim was properly admitted. We therefore reverse the allowance of the defendant's motion for new trial, order reinstatement of the rape conviction, and affirm the indecent assault and battery conviction.

*So ordered.*