On February 15, 2015, a jury found the defendant guilty of rape of a child under sixteen years of age, pursuant to G. L. c. 265, § 23.[2] On appeal, the defendant argues a single issue, namely that the judge erred in denying his motion for a required finding of not guilty with regard to the rape charge because the evidence was not sufficient to establish that sexual intercourse took place. In particular, the defendant contends that there was no evidence of "penetration," which is an essential element of the offense. We affirm.
Background. The trial took place in February, 2012. The jury were informed during empanelment that the Commonwealth's theory in support of the rape charge was oral intercourse, more specifically, that the defendant "would kiss, put his tongue in, and lick the vaginal area" of the victim, and at times would rub her vaginal area. At trial, the victim identified the defendant as the tenant residing in the second floor apartment in the building where she lived with her parents on the first floor. The victim testified that on multiple occasions, the defendant rubbed, kissed, and licked her vagina and that his tongue went "in [her] vagina." The judge denied the defendant's motion for a required finding of not guilty made at the close of the Commonwealth's case.
Analysis. The governing standard of review is whether, "after viewing the evidence in the light most favorable to the [Commonwealth], any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Commonwealth v. Latimore, 378 Mass. 671, 677 (1979), quoting from Jackson v. Virginia, 443 U.S. 307, 319 (1979). "To prove the crime of rape of a child in violation of G. L. c. 265, § 23, the Commonwealth must prove beyond a reasonable doubt that the defendant engaged in (1) sexual intercourse or unnatural sexual intercourse with (2) a child under sixteen years of age." Commonwealth v. Lawton, 82 Mass. App. Ct. 528, 533 (2012).
The evidence presented at trial was sufficient to establish penetration by unnatural sexual intercourse, as required under G. L. c. 265, § 23. The definition of unnatural sexual intercourse includes oral intercourse. Commonwealth v. Gallant, 373 Mass. 577, 584-585 (1977). The element of penetration required to establish unnatural sexual intercourse is satisfied by evidence that the defendant "touched or came into contact with the victim's vagina, vulva, or labia." Commonwealth v. Donlan, 436 Mass. 329, 336 (2002). The victim testified that on several occasions the defendant's tongue would go "in [her] vagina." The judge's instructions as to the elements of the offense, which were complete and accurate, are not challenged by the defendant. On the basis of the victim's testimony, which the jury had a right to credit, the evidence was sufficient by the standard of proof beyond a reasonable doubt to establish that the defendant had engaged in unnatural sexual intercourse with the victim.
Judgments affirmed.

The defendant was also convicted of three counts of indecent assault and battery on a child under the age of fourteen, pursuant to G. L. c. 265, § 13B. Although the defendant filed a general notice of appeal, his argument on appeal addresses only the rape charge.