Following a jury trial in the Superior Court, the defendant was convicted of forcible rape of a child under sixteen years of age in violation of G. L. c. 265, § 22A, and aggravated rape of a child under sixteen, in violation of G. L. c. 265, § 23A(b ). On appeal, he claims that the victim's testimony was not reliable and should have been excluded. He also argues that the judge erred in denying his motions for required findings of not guilty filed at the close of the Commonwealth's case and postverdict. We affirm.
Background. The following evidence was adduced by the Commonwealth. In 2013, the victim, who was twelve years old, lived in an apartment with her mother, her stepfather,[2] a younger half-brother, and the defendant. The defendant was fifty-five years old at the time and had a close relationship with the victim's family. One night during the fall of 2013, the defendant entered the victim's bedroom while she was sleeping. He pushed her shorts and underwear to the side and licked her vagina. The victim awoke and saw the defendant standing over her. She was shocked when she realized what the defendant was doing and she pushed him away. The victim told her mother about the incident the following morning. The mother promptly reported the incident and the defendant did not return to the apartment.
The defendant denied the allegations. At trial, he testified that he never went into the victim's bedroom on the night in question. He claimed that the victim's mother was out that evening and that he was watching the victim and her brother. At around 11:00 P.M. and again at around midnight, the defendant checked on the children, who were both in their mother's bedroom, and then went back to bed. When the mother returned home around 2:00 A.M. , the defendant confronted her about having been out late and then returned to his bedroom until he awoke for work at 5:45 A.M.
Discussion. 1. The victim's testimony. There is no merit to the defendant's claim that the victim's testimony, to which there was no objection, lacked an adequate foundation. As the Commonwealth notes in its brief, "[t]he only foundation required for the testimony of lay witnesses is the ability to perceive, recall, and recount information within the witness's personal knowledge." Commonwealth v. Cintron, 435 Mass. 509, 521 (2001), overruled in part on other grounds, Commonwealth v. Hart, 455 Mass. 230, 239-242 (2009). Here, the victim testified to her own observations.[3] It matters not, as the defendant claims, that the victim testified that she was sleeping when the defendant entered her bedroom. The extent to which the victim could perceive what had happened and then recount the events was a question for the jury to resolve. In these circumstances we discern no error, let alone a substantial risk of a miscarriage of justice.
2. Sufficiency. In reviewing the judge's decision to deny the defendant's motions for required findings of not guilty, we view the evidence in the light most favorable to the Commonwealth to determine whether any rational trier of fact could have found that all the elements of the crime charged have been satisfied beyond a reasonable doubt. Commonwealth v. Latimore, 378 Mass. 671, 677 (1979). "Where, as here, a defendant moves for required findings at the close of the Commonwealth's case and at the close of all the evidence, '[w]e consider the state of the evidence at the close of the Commonwealth's case to determine whether the defendant's motion should have been granted at that time.' " Commonwealth v. Morgan, 449 Mass. 343, 349 (2007), quoting from Commonwealth v. Sheline, 391 Mass. 279, 283 (1984). "We also consider the state of the evidence at the close of all the evidence, to determine whether the Commonwealth's position as to proof deteriorated after it closed its case." Sheline, supra.
The judge did not err in denying the defendant's motions for required findings of not guilty. To begin with, the motion filed at the close of the Commonwealth's case was properly denied because the victim's testimony, if believed, was sufficient to support the convictions beyond a reasonable doubt. See Commonwealth v. Donlan, 436 Mass. 329, 336 (2002). The defendant's claim that the victim's testimony was inherently unreliable raised an issue of credibility that was "solely within the province of the jury" and does not affect the sufficiency of the evidence. Commonwealth v. James, 424 Mass. 770, 785 (1997). The motion filed postverdict likewise was properly denied because the Commonwealth's case did not deteriorate at the close of all the evidence. The defendant's evidence consisted solely of his testimony denying the allegations. As such, he simply "created a conflict in the evidence which was for the jury to sort out and was not material to the required finding issue." Commonwealth v. Valentin, 420 Mass. 263, 267 n.4 (1995).
Judgments affirmed.

At the time of the incident, the stepfather had moved out of the apartment.

The victim testified that she was "like, waking up when [she] felt it," and that she was "still kind of in, like, sleeping mode until [she] finally saw what was going on."