The defendant was convicted after a jury trial of indecent assault and battery.[2] On appeal he raises two challenges to the trial judge's instructions regarding the use of prior inconsistent statements.
First, the defendant argues that the judge erred by giving a limiting instruction that the jury could consider the victim's prior inconsistent statements only for the purpose of assessing her credibility. According to the defendant, because the Commonwealth did not object to the admission of the prior inconsistent statements or request a limiting instruction, the statements were admissible for their full substantive value.
The defendant's brief does not identify with any particularity which statements he believes were admissible for their substance, referring to "statements" generally and in the plural. But the judge's limiting instruction, and the defendant's objection thereto, concerned only the victim's statement to the police that "[the defendant] did not rape [her] in any way/shape or form."[3] Contrary to the defendant's assertion, the Commonwealth did object to the admission of this statement, specifically on grounds of hearsay. Thus, the judge did not err by giving the limiting instruction. See Commonwealth v. Costello, 411 Mass. 371, 377 (1991).
The defendant also fails to show how the purported error prejudiced him, especially given that he was acquitted of rape. Defense counsel extensively cross-examined the victim about the rape recantation in an effort to impeach her credibility. Even had the recantation been admitted for its truth, it would not have affected the strength of the Commonwealth's case on the charge of indecent assault and battery, which, as the judge correctly instructed, does not require proof of penetration. See Commonwealth v. Donlan, 436 Mass. 329, 335-336 (2002). We can thus say with fair assurance that the limiting instruction did not materially affect the jury's verdict on the charge of which the defendant was convicted. See Commonwealth v. Lugo, 89 Mass. App. Ct. 229, 239 (2016) (no prejudice from limiting instruction where "[n]one of [the prior inconsistent] statements, considered for their truth as substantive evidence, benefit[ted] the defendant's case").
The defendant's second argument concerns the judge's general instruction on prior inconsistent statements, which the defendant says was deficient because it was "confusing" and "skeletal" and did not contain any language concerning prior omissions. Because the defendant did not raise these objections at trial, we review to determine whether any error created a substantial risk of a miscarriage of justice. See Commonwealth v. Keevan, 400 Mass. 557, 564 (1987). We see no error. We disagree with the defendant's characterization of the instruction as "confusing" and "skeletal." The judge's explanation of what constitutes a prior statement was not vague, as the defendant contends. Nor did the judge neglect to instruct the jury that they should consider whether a witness's prior statement differs from his or her testimony at trial. And with regard to prior omissions, the Supreme Judicial Court has held that, so long as the judge's instruction accurately explains the jury's role in assessing credibility -- as the instruction here did -- the absence of language on prior omissions does not constitute error. See Commonwealth v. Almeida, 479 Mass. 562, 572-573 (2018).[4] We note also that defense counsel's closing argument repeatedly referred to omissions in the victim's prior statements, highlighting to the jury that they could consider them as inconsistencies. See Commonwealth v. Bruce, 61 Mass. App. Ct. 474, 484-485 (2004).
Judgments affirmed.

The defendant was also convicted of one count of malicious damage to a motor vehicle, two counts of assault and battery, and two counts of malicious destruction of property, but he raises no argument on appeal as to those convictions. He was acquitted of rape, and the judge directed a verdict on the charge of witness intimidation.

At oral argument the defendant represented that his challenge relates to different prior statements made by the victim -- namely, her statements that "[the defendant] did not strangle [her]," that "there was no use of any dangerous weapon," and that "[the defendant] did destroy [her] property and assault [her]." The limiting instruction, however, pertained solely to the "statements [the victim] made to a detective ... purportedly recanting her rape allegation." In any event we fail to see how the other statements identified by the defendant have any bearing on his conviction of indecent assault and battery.

Almeida was decided after the trial in this case. Thus, the judge did not have the benefit of the Supreme Judicial Court's guidance that "the better practice is to instruct on omissions in the prior inconsistent statement instruction where omissions are at issue." Almeida, 479 Mass. at 573.