NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-819

COMMONWEALTH

vs.

JOSE MARTINEZ.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a jury trial, the defendant was convicted of rape and indecent assault and battery on a person over the age of fourteen.  On appeal, he claims that the judge (1) abused her discretion by excluding his statement to the police; and (2) erred by failing to give jury instructions on indecent assault and battery as a lesser included offense to rape.  We affirm.

Discussion.  1.  Excluded statement.  Prior to trial, the Commonwealth moved to admit as consciousness of guilt evidence the defendant's June 24, 2018, statement to the victim to "cancel" all the charges that were against him, to forgive him and forget everything, and to do that for her younger brother. In response, the defendant moved to exclude this statement, or alternatively, to admit his March 2, 2018, statement to police in which he denied the victim's allegations.  The judge allowed

the Commonwealth's motion and denied the defendant's motion. On appeal, the defendant claims that the judge should have admitted the March statement under the doctrine of verbal completeness or to rebut the Commonwealth's consciousness of guilt evidence. We disagree.

We review the judge's exclusion of the defendant's statement, whether offered under the doctrine of verbal completeness or as a rebuttal to consciousness of guilt evidence, for abuse of discretion. See Commonwealth v. Crayton, 470 Mass. 228, 247-248 (2014) (doctrine of verbal completeness); Commonwealth v. Cassidy, 470 Mass. 201, 218 (2014) (rebuttal to consciousness of guilt evidence). "[A] judge's discretionary decision constitutes an abuse of discretion where we conclude the judge made 'a clear error of judgment in weighing' the factors relevant to the decision . . . such that the decision falls outside the range of reasonable alternatives." Dolan v. Dolan, 99 Mass. App. Ct. 284, 290 n.6 (2021), quoting L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).

"Under the doctrine of verbal completeness, [w]hen a party introduces a portion of a statement or writing in evidence, a judge has the discretion to allow[] admission of other relevant portions of the same statement or writing which serve to clarify the context of the admitted portion" (quotations and citations omitted). Commonwealth v. Aviles, 461 Mass. 60, 75 (2011). "To

2

be admitted, the additional portions of the statement must be (1) on the same subject as the admitted statement; (2) part of the same conversation as the admitted statement; and (3) necessary to the understanding of the admitted statement" (quotations and citations omitted). Id.

"Our doctrine of verbal completeness exception is limited in scope to instances where otherwise inadmissible hearsay on the same subject is necessary to prevent a presentation of a misleading version of events through admission of selected fragments of a single conversation or document. As such, the doctrine directly specifies temporal and subject factors as determinative of the equivalent, but more general, relevancy standard incorporated into Fed. R. Evid. 106" (citation omitted). Commonwealth v. Steeves, 490 Mass. 270, 282 (2022).

Here, the defendant's March statement was not "part of the same conversation" as the June statement because they were both "temporally separate" and made to two different people. See Steeves, 490 Mass. at 278 (statements made during interview with detective and trooper "not part of the 'same conversation'" as confession to desk officer and lieutenant made more than two hours prior). See also Commonwealth v. Schoener, 491 Mass. 706, 728 (2023) ("The defendant's August 6 statements were not part of the 'same conversation' as those on July 24. The two conversations were 'temporally separate'"). Nor was the March

statement "necessary to the understanding of" the June statement, as the defendant's unequivocal denial of the rape allegations to police would not serve to "clarify the context" of the statement he made to the victim months later. See Commonwealth v. Eugene, 438 Mass. 343, 351 (2003); Commonwealth v. Watson, 377 Mass. 814, 833 (1979). Therefore, the doctrine of verbal completeness is inapplicable to the defendant's March statement, and the judge did not abuse her discretion by excluding it.

Nor was it an abuse of discretion for the judge to refuse to admit the March statement to rebut the Commonwealth's consciousness of guilt evidence. "When the Commonwealth has introduced consciousness of guilt evidence, a defendant may rebut it. To the extent a defendant offers consciousness of innocence evidence, '[s]uch evidence is [typically] of little value' because of the variety of possible motives behind the conduct" (quotations and citations omitted). Cassidy, 470 Mass. at 217-218. Even if the defendant's statement to police does not constitute hearsay, it is a long-standing rule in the Commonwealth that a defendant's unequivocal denial of a criminal accusation is not admissible. See Commonwealth v. Nawn, 394 Mass. 1, 4 (1985). At the hearing on the motions in limine, the judge accurately expressed how admitting such evidence would be

4

contrary to this rule, and the admission of consciousness of guilt evidence should not afford a defendant a way to bypass it.

2. <u>Jury instructions</u>.  The defendant also claims the judge erred in failing to instruct the jury on indecent assault and battery as a lesser included offense to rape.  As the defendant requested this instruction prior to the close of all evidence, we review for prejudicial error.  See <u>Commonwealth</u> v. <u>Carrillo</u>, 483 Mass. 269, 288 (2019).

"If the evidence is sufficiently disputed at trial so the jury may rationally find the defendant not guilty of the greater and guilty of the lesser offense, the judge should give the lesser included offense instruction."  <u>Commonwealth</u> v. <u>Donlan</u>, 436 Mass. 329, 335 (2002).  But "even when evidence is introduced that would justify conviction for a lesser included offense, the defendant is not entitled to an instruction thereupon unless the proof on the 'elements differentiating the two crimes is sufficiently in dispute so that the jury may consistently find the defendant innocent of the greater and guilty of the lesser included offense.'"  <u>Id</u>., quoting <u>Commonwealth</u> v. <u>Souza</u>, 428 Mass. 478, 494 (1998).  The only element differentiating rape from indecent assault and battery is penetration; thus, this element must be sufficiently in dispute for the defendant to be entitled to the lesser included

instruction.  See Commonwealth v. Walker, 426 Mass. 301, 304 (1997).

Here, the only evidence supporting the penetration element was the victim's testimony, which was not challenged on cross-examination in a manner that put penetration sufficiently in dispute.  If the jury credited the victim's testimony, the evidence would support "only a conviction of rape, and not of the lesser included offense of indecent assault and battery." Donlan, 436 Mass. at 336.  The "evidence that disputes or puts into question the element of penetration. . . . in ordinary circumstances, cannot be the mere possibility that the jury might not credit a portion of the Commonwealth's evidence, which of course they are always free to do."  Id. at 337.  Moreover, the defense presented at trial was that the victim fabricated the rape allegation, which if the jury had credited would have required an acquittal, not a conviction on a lesser included. See Commonwealth v. Egerton, 396 Mass. 499, 504 (1986). Therefore, we discern no prejudicial error in the judge's

refusal to instruct the jury on the lesser included offense.

Judgments affirmed.

By the Court (Meade,
Hershfang & D'Angelo, JJ.[1]),

*Joseph F. Stanton*

Clerk

Entered:  October 5, 2023.

---

[1] The panelists are listed in order of seniority.

7