NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-214

MARC RESNICK, trustee,[1]

vs.

CRYSTAL SILVA & another.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

This is an appeal by defendants Crystal Silva and Alycia

Silva (tenants) from multiple orders entered in a summary

process action initiated by their landlord, Marc Resnick, as

trustee of the Alexis Realty Trust.

Background.  We summarize only those facts that are

relevant to our discussion of the issues raised on appeal.  The

parties reached an agreement for judgment on June 14, 2022, the

day of the scheduled trial.  The tenants were represented by an

attorney.

_____

[1] Of the Alexis Realty Trust.

[2] Alycia Silva.

Within the agreement, there were six handwritten and numbered paragraphs stating that the tenants (1) agree that they "are the only authorized occupants and agree not to move anyone else into [the] property"; (2) agree to pay use and occupancy of $540 a month for each of July and August; (3) agree "to vacate voluntarily" by August 31; (4) "will apply for RAFT [Residential Assistance for Families in Transition] funds to pay" for the listed $10,532 judgment and if RAFT "issues an award letter," and July and August use and occupancy are paid, the landlord "will waive" the balance of the judgment; (5) "do not admit to any alleged allegations;" and (6) "waive stays of execution [and] appeal."  The agreement also provided that, once approved by the judge, the "agreement becomes a court order and both parties are legally required to follow it" and that the parties understand that they have a right to a hearing before a judge, but instead choose to participate in mediation and sign the agreement.  The agreement was signed by the tenants, their attorney, an agent of the landlord, an attorney for the landlord, and a judge of the Housing Court (first judge).

In compliance with the agreement, the tenants paid use and occupancy for the months of July and August and applied, and were approved on August 19, 2022, for RAFT housing assistance. However, the tenants did not vacate the premises by August 31, and the landlord moved for the Housing Court to issue the

2

execution.  On September 1, 2022, the day after the agreement expired, the first judge issued the summary process judgment in the amount of $10,532 and execution.  That day, the tenants filed a motion to stay execution and judgment.  In an order dated September 8, 2022, the first judge granted the motion to stay until September 30 on the condition that the tenants continue to pay use and occupancy and also pay a $500 moving cancellation fee.  The order also stated, "No further stays." Notwithstanding the provision in the agreement for judgment that the tenants "waive[d] stays of execution and appeal," on September 16, the tenants filed a notice of appeal from the September 8, 2022 order.

On September 14, 2022, the tenants filed a motion to vacate the judgment pursuant to Mass. R. Civ. P. 60 (b), 365 Mass. 828 (1974), and a separate motion to supplement the record, both of which were denied by the first judge on September 20, 2022.[3]  On September 29, 2022, the tenants filed a notice of appeal from these September 20, 2022 orders.

In parallel, the tenants filed a motion to waive the appeal bond and use and occupancy payments, which the first judge denied.  A single justice of this court, in an order dated

---

[3] The judge concluded that the motion to supplement the record did not have the proposed supplemental material attached. The tenants contend the clerk would not file the material.

October 26, 2022, waived the appeal bond and concluded that the order for use and occupancy payments was reasonable. The single justice also granted a temporary stay of eviction until November 1.

The tenants did not make use and occupancy payments for September or October and remained in possession of the property after November 1. On November 2, the landlord served a forty-eight hour notice of execution for possession. On November 3, 2022, a different judge (second judge) denied a motion the tenants filed that day styled as a final emergency motion to recall and vacate the judgment pursuant to rule 60 (b). A single justice of this court denied the tenants' motion for a further stay of eviction.[4] The tenants filed a timely notice of appeal from the November 3, 2022 order.

---

[4] The single justice's order stated, in relevant part,

"On November 2, the plaintiff served a 48-hour notice of execution for possession, and the [tenants] immediately renewed the motion for a stay in this court. Yesterday, November 3, a hearing was held in the Housing Court. The judge declined to further postpone the eviction, stating that '[the tenants] ha[ve] failed to comply with all orders of this Court.' At this point, given that the bond appeal is closed, there is no pending appeal in this court, the [tenants] have no likelihood of success on any claim for possession, and they have failed to comply with the Housing Court's orders, including the use and occupancy order, I cannot justify injunctive relief in the form of a further stay. I am constrained to deny the [tenants]' motion(s) for a further stay of eviction."

4

Discussion.  1.  Possession and dismissal of appeal from judgment.  The tenants argue that the second judge erred in denying their November 3, 2022 motion to vacate the judgment pursuant to rule 60 (b) and in allowing the move to proceed.[5]  We disagree.

The obligation to pay use and occupancy during the pendency of this appeal was imposed by statute.  See G. L. c. 239, § 5 (h).  If a tenant does not "make use and occupancy payments as ordered, the appeal may be dismissed."  21st Mtge. Corp. v. DeMustchine, 100 Mass. App. Ct. 792, 797 (2022), citing G. L. c. 239, § 5 (h), and Adjartey v. Central Div. of the Hous. Court Dep't, 481 Mass. 830, 859 (2019).

After orders issued by the first judge and a single justice of this court, the tenants were obligated to make regular use and occupancy payments to maintain their right to appeal from the judgment awarding possession to the landlord.  Specifically, the single justice in his October 26 order stated that the tenants "shall comply with the Housing Court's September 26, 2022, use and occupancy order within five days of receipt of this order" and extended the temporary stay of the execution

---

[5] Specifically, in her November 3, 2022 order in response to the motion, the second judge determined that the tenants "failed to comply with all orders of this Court and the move should proceed as scheduled."

5

until November 1, 2022.[6]  By failing to pay use and occupancy, the tenants lost their right to appellate review by a panel of this court of the judgment in favor of the landlord for possession.  See G. L. c. 239, § 5 (h); 21st Mtge. Corp., 100 Mass. App. Ct. at 797; Adjartey, 481 Mass. at 859.  The second judge did not abuse her discretion in denying the tenants' attempt to resurrect those claims via their November 3, 2022 motion to vacate the judgment pursuant to rule 60 (b).

Because we conclude that any appeal from the judgment awarding possession to the landlord was properly dismissed, we need not decide whether the tenants ever filed a timely appeal from the judgment.[7]  The dismissal of the appeal for failure to pay use and occupancy moots several other of the tenants' arguments, including (1) that the Housing Court did not have jurisdiction to enforce the agreement because the property manager rather than the landlord signed the agreement for judgment, rendering the agreement ineffective; (2) that their

---

[6] According to the order, November 1, 2022, "is the date that the [tenants] have represented, both at the hearing and in their motion for reconsideration, they will move into a new apartment."

[7] An appeal from a judgment in a summary process case must be taken within ten days after entry of judgment.  See G. L. c. 239, § 5 (a).  Judgment entered here on September 1, 2022. The tenants argue that their motion to stay filed on September 1, 2022, and decided on September 8, 2022, restarted the appeal period, making their September 16, 2022 notice of appeal timely as to the judgment.

motion to supplement the record should have been granted; (3) that execution should not have entered until ten days after September 1, 2022;[8] (4) that execution was automatically stayed pending appeal; and (5) that the landlord had to dismiss the case because the landlord accepted RAFT funds.

2. _Ineffective assistance of counsel_. The tenants assert an ineffective assistance of counsel claim for their representation during the agreement for judgment. However, an ineffective assistance of counsel claim is only available to criminal defendants and not grounds for appeal in civil cases. See Commonwealth v. Donlan, 436 Mass. 329, 333 (2002) (right to effective assistance of counsel based on Federal and State constitutional protections for criminal defendants).

3. _Judgment amount after RAFT funds_. The tenants argue that the amount of the judgment, $10,532, is incorrect given that they applied for and received RAFT funding that was transferred to the landlord in accordance with the agreement for judgment.[9] Provision four of the signed agreement for judgment stated,

---

[8] This issue is moot for a second reason, which is that the Housing Court subsequently stayed execution until September 30, 2022.

[9] Even if the tenants did not timely appeal from the September 1, 2022 judgment, this issue was preserved in their September 14, 2022 motion to vacate the judgment pursuant to

> "Tenants will apply for RAFT funds to pay judgment above [of $10,532]. If RAFT issues an award letter . . . and July + Aug[.] are pd., landlord will waive bal. of judgment."

The tenants assert that they requested the full amount of $10,532 from RAFT and only received $3,240 and that, in accordance with the agreement, the remaining balance of the judgment should be waived. In response, the landlord argues that the tenants did not request the full amount and that the balance of the judgment is not waived.

It appears that the judgment was not corrected to reflect the landlord's receipt of the $3,240 in RAFT funding; this shall be corrected on remand.[10] Regarding the remaining balance of the judgment, it is unclear from the record before us how much the tenant initially requested in RAFT funding. However, we agree with the landlord that, under the plain language of the agreement for judgment, the tenants committed a breach of the agreement for judgment by remaining in the property after August 31, 2022, which meant that the landlord did not have to waive the balance of the judgment.[11] See MacDonald v. Jenzabar, Inc.,

_____

rule 60 (b) and in their appeal from the September 20, 2022 order denying that motion.

[10] During a November 3, 2022 hearing, the second judge acknowledged that the judgment did not reflect the RAFT payment.

[11] According to the RAFT agreement that a landlord signs, the landlord agrees "not to pursue eviction based on rent amounts reimbursed by these funds and agree to dismiss any

8

92 Mass. App. Ct. 630, 634 (2018) ("When the words of a contract are clear, they must be construed in their usual and ordinary sense" [citation omitted]). Similarly, the tenants' argument that they did not agree to a mandatory move out date is belied by the plain language of the agreement. The tenants agreed to move out of the apartment by August 31, 2022, without further process.

4. Moving fee. The tenants argue that there was no basis for the first judge to order them to pay a $500 moving fee to the landlord as part of the September 8, 2022 order. We agree. The tenants moved to stay execution on the day the execution issued. On the record before us, there is an unsigned storage contract that contains a provision for a $495 "cancel day of job" fee for moving costs. However, there is no evidence in the record that the landlord actually signed a contract with this storage company or incurred the same-day cancellation cost, especially given that the first judge's order for the tenants to pay the moving costs occurred prior to the scheduled move date.[12]

_____

pending eviction case that is based on or seeks to recover the reimbursed arrears. I may bring an eviction case in the future if Participant fails to pay future rent due after the date of this award." Because the tenants are no longer in possession for a separate reason, we need not address whether the landlord's acceptance of RAFT funds would supersede an agreement for judgment.

[12] Counsel for the landlord represented only that she "believed" that there was a $500 cancellation fee.

We therefore vacate the portion of the September 20, 2022 order related to moving costs.

5. _Loss of personal property_.  The tenants allege losses to their personal property following their eviction, including all personal property in the contested apartment and their "only means of transportation (2010 VW Jetta)."  Since these claims were not raised in the Housing Court, we do not address them.[13,14]

_Conclusion_.  Any appeal from the judgment is dismissed.  To the extent the order dated September 8, 2022, required the tenants to pay $500 for a moving fee, the order is reversed.  To the extent the September 20, 2022 order on the tenants' motion to vacate the judgment pursuant to rule 60 (b) denied the tenants' request to correct the judgment to reflect the RAFT payment, the order is reversed.  In all other respects, the

---

[13] For personal property claims to be properly addressed, a tenant must first petition the Housing Court pursuant to G. L. c. 239, § 4 (h), which provides that "[n]otwithstanding any civil penalty imposed pursuant to subsection (g), the [tenant] may petition the court in which the summary process action was heard for damages or injunctive relief in connection with any violation of this section.  A violation of this section shall also be a violation of section 2 of chapter 93A."

[14] Any additional arguments in the tenants' brief that are not addressed are unsupported by reasoned analysis or relevant authority and, as such, fail to rise to the level of adequate appellate argument as required by Mass. R. A. P. 16 (a) (9), as appearing in 481 Mass. 1628 (2019).  See Cameron v. Carelli, 39 Mass. App. Ct. 81, 85-86 (1995).

orders dated September 8, 2022, September 20, 2022, and November 3, 2022, are affirmed.

<u>So ordered</u>.

By the Court (Henry, Desmond & Englander, JJ.[15]),

Clerk

Entered:  August 13, 2025.

---

[15] The panelists are listed in order of seniority.