NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-117

COMMONWEALTH

vs.

DWAYNE M. CHEATHAM.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

In 2023, a grand jury indicted the defendant on three counts of rape, pursuant to G. L. c. 265, § 22 (b). After a jury trial, the defendant was convicted of one count of rape and acquitted of the remaining counts. On appeal, the defendant claims that his conviction was not supported by sufficient evidence, and that the judge erred in denying his request for an instruction on the lesser included offense of indecent assault and battery on a person over age fourteen. See G. L. c. 265, § 13H. We affirm.

1. Sufficient evidence. The defendant claims that the Commonwealth did not present evidence sufficient to establish

the elements of rape, and thus the judge should have granted his motion for a required finding of not guilty.  We disagree.

When analyzing whether the record evidence is sufficient to support a conviction, an appellate court is not required to "ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt."  Commonwealth v. Hartnett, 72 Mass. App. Ct. 467, 475 (2008), quoting Commonwealth v. Velasquez, 48 Mass. App. Ct. 147, 152 (1999).  Nor are we obligated to "reread the record from a [defendant]'s perspective."  Palmariello v. Superintendent of M.C.I. Norfolk, 873 F.2d 491, 493 (1st Cir.), cert. denied, 493 U.S. 865 (1989).  See Commonwealth v. Duncan, 71 Mass. App. Ct. 150, 152 (2008).  Rather, the relevant "question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  Commonwealth v. Latimore, 378 Mass. 671, 677 (1979), quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979).

When evaluating sufficiency, the evidence must be reviewed with specific reference to the substantive elements of the offense.  See Jackson, 443 U.S. at 324 n.16; Latimore, 378 Mass. at 677-678.  To sustain the defendant's conviction for rape under G. L. c. 265, § 22 (b), the Commonwealth must prove two

2

elements: (1) the defendant penetrated the victim's genital, anal, or other opening, and (2) the penetration occurred by force or threat of bodily harm without the victim's consent. See Commonwealth v. Lopez, 433 Mass. 722, 726-727 (2001). In this appeal, the defendant challenges only the first element of penetration, and essentially argues that the evidence was insufficient because the victim's testimony was inconsistent and not credible.[1] The defendant also claims that there was no physical evidence supporting the victim's testimony. Neither contention has merit.

"The sworn testimony of the victim of a sexual assault, including rape, is [sufficient] evidence of the facts asserted." Commonwealth v. Gonzalez Santos, 100 Mass. App. Ct. 1, 3 (2021). Here, the victim testified to facts that constituted each element of the count of rape for which the defendant was convicted. See Commonwealth v. Gonsalves, 23 Mass. App. Ct. 184, 185 (1986). According to the victim, the defendant "forced [her] to turn around, and took his penis out and put it in [her] -- while he was holding [her] hips," and that she told him, "No" and "stop," but "he just kept going." Such testimony

---

[1] In his brief, the defendant notes that he was only convicted of one count of rape, and acquitted of the other two. However, he expressly disclaims any argument related to the verdicts being factually inconsistent.

constitutes sufficient evidence of each element of the offense of rape, including penetration, and justified the denial of the defendant's motion for a required finding of not guilty. See Gonzalez Santos, 100 Mass. App. Ct. at 3. See also Gonsalves, 23 Mass. App. Ct. at 185.

The defendant alleges that inconsistencies in the victim's testimony support granting the required finding of not guilty. We disagree, as inconsistencies in the victim's testimony "go to [her] credibility and do not affect the sufficiency of the evidence." Commonwealth v. Ruci, 409 Mass. 94, 97 (1991).

Furthermore, and contrary to the defendant's claim, the Commonwealth presented physical evidence of penetration including the male deoxyribonucleic acid found on the victim's vaginal swab from which the defendant could not be excluded. Also, in the sexual assault nurse examiner's testimony, she noted marks on the victim's knees and right inner thigh which were consistent with the victim's testimony as to how the rape occurred. The nurse also testified that there was redness below the vaginal opening towards the back portion of the victim's genitals, which further corroborated her account.[2]

---

[2] The defendant also argues that the conviction may have been a result of sympathy for the victim, rather than from an assessment of the evidence. This argument, however, ignores our standard of review. See Latimore, 378 Mass. at 677. In fact, were we "to indulge this argument, we would have to view the

4

2. Request for lesser included instruction. The defendant also claims that the judge erred in denying his request for an instruction on the lesser included offense of indecent assault and battery on a person over age fourteen because there was evidence that the distinguishing element between the offenses, penetration, was sufficiently in dispute. We disagree.

Where the defendant objected to the judge's denial of a request for instruction on a lesser included offense, we review for prejudicial error. See Commonwealth v. Brown, 481 Mass. 77, 86 (2018). When a defendant requests an instruction on a lesser included offense, the judge ordinarily must grant the request when the evidence permits a finding on the lesser included offense. See Commonwealth v. Woodward, 427 Mass. 659, 662-663 (1998). For evidence to permit a finding on the lesser included offense, the evidence at trial must present "a rational basis for acquitting the defendant of the crime charged and convicting him of the lesser included offense" (quotation and citation omitted). Commonwealth v. Donlan, 436 Mass. 329, 335 (2002). However,

> "even when evidence is introduced that would justify
> conviction for a lesser included offense, the defendant is
> not entitled to an instruction thereupon unless the proof
> on the elements differentiating the two crimes is

evidence in the light least favorable to the Commonwealth, which, of course, we cannot do." Commonwealth v. Arias, 78 Mass. App. Ct. 429, 435 (2010).

5

sufficiently in dispute so that the jury may consistently find the defendant innocent of the greater and guilty of the lesser included offense" (quotation and citation omitted).

Id.

The distinguishing element between rape and indecent assault and battery of a person over age fourteen is penetration.  Donlan, 436 Mass. at 336.  "[S]ome evidence that disputes or puts into question the element of penetration. . . . in ordinary circumstances cannot be the mere possibility that the jury might not credit a portion of the Commonwealth's evidence" (emphasis added).  Id. at 337.

Here, the Commonwealth established the element of penetration through the victim's testimony.  She stated that the defendant, without her consent, penetrated her vagina with his penis on August 23, 2022.  This was sufficient to establish the element of penetration.  See Gonzalez Santos, 100 Mass. App. Ct. at 3.  Importantly, the defendant did not challenge the victim's testimony on this point.  Rather, the defense's trial strategy was to argue that no rape, battery, assault, or any other criminal offense ever occurred, and the victim's testimony was not to be believed.

Contrary to the defendant's claim, this case is not materially distinguishable from Donlan, 436 Mass. at 335-337.  As in Donlan, here, the victim's testimony regarding penetration

6

was not challenged on cross-examination.  Id. at 336.  Defense counsel's cross-examination of the victim consisted of attacking her credibility, including highlighting the numerous times the victim invited the defendant to visit her apartment, and highlighting the text and video messages between the victim and the defendant.  In addition, the defendant did not present his own evidence to dispute the element of penetration for the rape,[3] nor did defense counsel argue as such in closing.[4]

Rather, the defendant essentially claims that the mere possibility that the jury may not credit a portion of the Commonwealth's evidence, specifically the evidence relating to the element of penetration, but credit the evidence on the other

_____

[3] The defendant claims that the judge forced him into an all or nothing defense, while also arguing that he presented evidence that put the specific element of penetration in dispute.  Putting aside the internally inconsistent nature of this claim, we disagree with the suggestion that the judge forced him into an all or nothing defense.  The record reflects that the defendant and his counsel chose this defense, evidenced by counsel's cross-examination of the victim.

[4] The defendant specifically claims that his counsel challenged the element of penetration in his closing argument.  Upon a full review of the record, we disagree.  The closing argument clearly focused on the credibility of the victim: "We're supposed to believe that she reached out to the guy who raped her," "[it] [d]oesn't make any sense," "[a]pparently that's where a violent attack happened," and "[it] doesn't fit the narrative of somebody who came over twice and committed a violent attack on both occasions."  The closing argument did not contain a single reference to penetration or its absence.

7

elements of rape, entitles the defendant to an instruction on the lesser included offense. The Supreme Judicial Court plainly stated that this possibility alone is not enough to warrant such an instruction. See Donlan, 436 Mass. at 337; Commonwealth v. McCaffrey, 104 Mass. App. Ct. 642, 654 (2024). "If credited, [the evidence in this case] supports only a conviction of rape, and not of the lesser included offense of indecent assault and battery." Donlan, supra at 336. Accordingly, the judge did not err in declining to give the instruction.

                              Judgment affirmed.

                              By the Court (Meade,
                                Desmond & Wood, JJ.[5]),

                              Clerk

Entered: January 7, 2026.

---

[5] The panelists are listed in order of seniority.